## EX PARTE CARLL.

The reviewing power of this court in a criminal case is, on a writ of *habeas cor-
pus*, confined to the determination of the question whether the court which
sentenced the prisoner had jurisdiction to try him for the offence whereof he
was indicted and to sentence him to imprisonment.

PETITION for a writ of *habeas corpus* and a *certiorari.*
*Mr. Abram J. Dittenhoeffer* in support of the petition.

MR. CHIEF JUSTICE WAITE delivered the opinion of the
court.

We have had occasion to say at the present term, in *Ex
parte Curtis,* that " we have no general power to review the

judgments of the inferior courts of the United States in criminal cases, by the use of the writ of *habeas corpus* or otherwise. Our jurisdiction is limited to the single question of the power of the court to commit the prisoner for the act of which he has been convicted." This rule is well settled. *Ex parte Lange*, 18 Wall. 163; *Ex parte Rowland*, 104 U. S. 604.

The grounds of the present application as stated in the petition are, that the Circuit Court had no jurisdiction to try the prisoner for the offence of which he has been convicted and to commit him to prison therefor, because —

1. The instruments described in the indictment and charged to have been forged show on their face that they are not bonds or obligations of the United States, and, even if genuine, possessed no validity; and.

2. It was conceded on the trial that the instruments set forth in the indictment were genuine registered bonds, and that the forgery complained of consisted in erasing the name of the original payee and substituting that of the prisoner.

All the bonds described in the indictment, except that in the third count, purport to be issued under the act of July 14, 1870, c. 256, as amended by the act of Jan. 20, 1871, c. 23. This act provides for an issue of bonds by the Secretary of the Treasury "in such form as he may prescribe." The bonds now in question appear to be signed by the Register of the Treasury and not by the Secretary. They also have the "imprint and impression of the seal of the Department of the Treasury of the United States." In the indictment it is averred that the counterfeits were of bonds of the United States. This is enough for the purposes of the jurisdiction of the Circuit Court. Whether the bonds counterfeited are in the form of those actually issued by the Secretary of the Treasury under the authority of the act referred to, is a question of fact to be established on the trial. Errors committed on the trial of this issue do not deprive the court of its power to imprison upon conviction, and, as has been seen, such errors are not subject to correction here, either in the present form of proceeding or any other.

What has just been said applies equally to the instrument described in the third count, which purports to be signed by

the acting Register of the Treasury. By the act of Feb. 20, 1863, c. 45, the President was authorized to designate some officer in a department to perform the duties of another in case of death, resignation, absence, or sickness.

The second ground of application presents no jurisdictional question. The indictment charged the prisoner with a crime against the laws of the United States, *United States* v. *Marigold*, 9 How. 560. We have nothing to do with questions arising on the evidence presented to sustain the charge.

*Petition denied.*