*In re* LANCASTER, Petitioner.

ORIGINAL.

No number. Submitted December 4, 1890. — Decided December 5, 1890.

The petitioners, being indicted in a Circuit Court of the United States and taken into custody, applied to this court for a writ of *habeas corpus* without first invoking the action of the Circuit Court upon the sufficiency of the indictment. *Held*, that this court would not interfere.

THIS was a motion for leave to file the following petition for a writ of *habeas corpus.*

To the Honorable, The Supreme Court of the United States:

The petition of Wright Lancaster, Jno. K. Lancaster, Henry Lancaster, Jas. Moore, Lewis Knight and Luther A. Hall respectfully showeth that each and every of them are citizens of the United States of America, and that the liberty of each and every of them is now restrained, and that each and every of them are now in the custody of Walter P. Corbett, the United States marshal for the Southern District of Georgia, and are by him kept in custody in the county jail of Bibb County, Georgia, under an indictment in the United States Circuit Court for the western division of the Southern District of Georgia, which said indictment was filed in said court on the twentieth day of November, eighteen hundred and ninety, and a certified copy of said indictment is hereto attached and made part of this petition. Your petitioners show that said indictment is a joint indictment against these petitioners and others in said indictment named, charging them with conspiracy and murder. Your petitioners allege that their liberty is unlawfully and illegally restrained under said indictment; and they further show that their custody under said indictment by said marshal is unlawful and illegal because the matters and things set forth and charged in the said indictment and the several counts thereof do not constitute any offence or offences against the laws of the United States and do not come within the purview, true intent and meaning of the act of Congress,

approved May 31, 1870, entitled An act to enforce the rights of citizens of the United States, etc., nor any part thereof, and because the matters and things in the said indictment and in the various counts thereof set forth and charged do not constitute any offence or offences cognizable in the said Circuit Court and do not come within its power and jurisdiction, and because the said indictment and each and every of the various counts thereof are too vague, general, insufficient and uncertain to constitute an indictment according to the Constitution of the United States.

Wherefore your petitioners pray that the writ of *habeas corpus* may issue out of this court, directed to the said W. P. Corbett, United States marshal for the Southern District of Georgia, commanding him to produce the bodies of your petitioners, together with the cause of their detention, to the end that your petitioners may be discharged from his custody; and your petitioners further pray that the writ of *certiorari* may issue, directed to the clerk of the United States court for the western division of the Southern District of Georgia, commanding him to certify and send up to this court the said indictment and all proceedings thereunder.

WRIGHT LANCASTER.
JNO. K. LANCASTER.
JAMES T. MOORE.
LEWIS E. KNIGHT.
LUTHER A. HALL.

*Mr. Washington Dessau* for the petitioner.

In this case the Circuit Court has exercised jurisdiction. It has directed the United States Marshal to hold the petitioners under the indictment now on file in that court.

This court will presume that everything has been done between the return of the indictment as true by the grand jury, and the taking of the prisoners into custody by the marshal, that ought to have been done; that is to say, that a warrant was duly issued, duly served, and a return thereon duly made by the marshal.

Under this presumption of law, the reasoning of this court in *Ex parte Virginia,* 100 U. S. 339, applies and ought to control this motion. The inferior court having taken jurisdiction, the writ of *habeas corpus* is now applied for in the nature of an appeal from the judgment of that court.

This case is readily distinguished from *Kemmler's Case,* 136 U. S. 436; from *Mirzan's Case,* 119 U. S. 584; from *Royall's Case,* 117 U. S. 241; and from *Wales* v. *Whitney,* 114 U. S. 564.

*Mr. Attorney General* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

The petitioners were indicted under sections 5508 and 5509 of the Revised Statutes, on the 20th of November, 1890, in the Circuit Court for the Southern District of Georgia, and have been taken into custody. They have not invoked the action of the Circuit Court upon the sufficiency of the indictment by a motion to quash or otherwise, but ask leave to file in this court a petition for a writ of *habeas corpus,* upon the ground that the matters and things set forth and charged do not constitute any offence or offences under the laws of the United States, or cognizable in the Circuit Court, and that for other reasons the indictment cannot be sustained. In this posture of the case we must decline to interfere.

The application for leave to file the petition is

*Denied.*