*In re* ENSLOW.

(*District Court, D. South Carolina.* March, 1891.)

HABEAS CORPUS—DUE PROCESS OF LAW—STATE PRACTICE.
  Where a person is arrested on a peace-warrant from one state judge, and committed to jail after hearing before another judge acting within his jurisdiction and proceeding in accordance with state practice, he cannot be released by the federal district court on *habeas corpus*, as being deprived of his liberty without due process of law, contrary to Const. U. S. Amend. 14.

*Habeas Corpus.*
C. B. *Northrop*, for petitioner.
G. Lamb *Buist*, for the sheriff.

SIMONTON, J. A petition was filed in this case, praying that a writ of *habeas corpus* issue directing the sheriff of Charleston county to produce the body of the petitioner, who is imprisoned in violation of the constitution of the United States. The specific violation charged is that he is deprived of his liberty without due process of law. Amendment 14. The sheriff produces the body of the petitioner, and for return to the writ says that he had been in his custody under a warrant from Trial Justice WILLIMAN under a peace-warrant, and that, while so in custody, he was brought before the Honorable J. I. NORTON, the presiding judge of the court of common pleas for his county; that his honor was pleased to order, after hearing the cause, that the prisoner be recommitted to the jail of Charleston county. The prisoner being in jail under state process, having no special privilege or immunity, I cannot entertain this application unless he be imprisoned in violation of the constitution of the United States in the point charged. But the return shows that he was committed by a state judge after hearing. This seems to me to be due process of law. The state judge acted upon a matter within his jurisdiction, and passed upon the construction of the state law and practice. See *Ex parte Utrich*, 43 Fed. Rep. 663. Were I to review his action, it would give to this proceeding the effect of a writ of error, which cannot be done. *Ex parte Parks*, 93 U. S. 18; *Ex parte Curll*, 106 U. S. 521, 1 Sup. Ct. Rep. 535. Remand the prisoner.