# PALMER *v.* COLLADAY.

COMMITTING MAGISTRATES; HABEAS CORPUS; CIVIL SERVICE, FRAUD UPON.

1. In reviewing the action of a committing magistrate, on *habeas corpus* the courts may go into the merits of the case and where the evidence shows the order of commitment to be void, or that an offense could not have been committed, by reason of the undisputed facts, the prisoner should be released; but where the magistrate is shown to have acted in good faith and there is room for a trial court to hold that an offense has been committed by the petitioner, under any law, the order of the magistrate committing to jail for default in giving bail, is a proper and valid judgment, and should not be disregarded in a collateral proceeding.

2. Where a committing magistrate before whom a party was charged with attempting to defraud the United States by co-operating with a candidate for appointment in the Civil Service in making a false statement as to the eligibility of such candidate for appointment, held the prisoner to bail to await the action of the grand jury, a preliminary examination having been waived, an order of the lower court discharging the prisoner from custody upon *habeas corpus* proceedings instituted by him, was *reversed* upon the ground that the showing made before the Commissioner was of such a character as to justify his action.

No. 1071. Submitted May 10, 1901. Decided June 18, 1901.

HEARING on an appeal by the United States marshal from

an order of the Supreme Court of the District of Columbia, discharging the petitioner in *habeas corpus* proceedings from custody. *Reversed.*

The COURT in the opinion stated the case as follows:

The appellee, Edward F. Colladay, presented a petition for a writ of *habeas corpus* to one of the justices of the Supreme Court of this District, stating that he was unlawfully restrained of his liberty by said appellant, to whose custody he had been committed by Samuel C. Mills, a United States commissioner, said commissioner having bound him over to await the action of the grand jury, for an alleged offense of forgery, under section 5418, Revised Statutes United States. A copy of the charge made to said commissioner, is attached to and filed with the petition.

The writ was issued, and the marshal made a return thereto, stating that he held said petitioner for delivery to the warden of the jail, by virtue of a commitment issued by said commissioner; and he attached a copy of the commitment, affidavit and warrant of arrest, and referred to the fact that the papers showing the proceedings before the commissioner were returned to the clerk's office of the said Supreme Court; and that $500 bail had been fixed by the commissioner, in default of which petitioner was committed to respondent's custody, for delivery to the said warden.

It appears from the affidavit, made before said commissioner, by one William S. Washburn, on January 28, 1901, that the appellee, Edward F. Colladay, is charged substantially with unlawfully designing and intending, by means of fraudulent representations, to be made to the Civil Service Commission, to procure the entry of the name of Katherine C. Masterson, upon the list of eligibles for position as a skilled helper in the government printing office, which position was in the classified service of the United States, under the provisions of the civil service act of January 16, 1883 (20 Stat. L. 403).

That there were two lists of eligibles, one list embracing

those shown to be qualified by having the necessary education, and the other list those having the necessary education, and also having practical experience in the particular line of work, the appointments being made from this last-named list in preference to the other. That said Colladay, to assist said Masterson by procuring her name to be entered on the preferred list, on the 23d day of August, 1900, did cause and procure to be made by her, for presentation to said commission, a certain false paper writing, which is copied in the affidavit, wherein she falsely stated that she had previously been employed, as a folder and sewer, with the Globe Printing Co., for an aggregate period of two and a half years, for the purpose of defrauding the United States; and by such causing and procuring to be made of such false paper writing, which said Colladay knew to be false, he became a principal in the making thereof for the purpose of defrauding the United States within the meaning of the said section 5418.

At the hearing before the commissioner, an examination was waived, and said Colladay was required to give bail for his appearance in the criminal court, in default of which he was committed.

On the hearing of the return of the writ of *habeas corpus,* the petitioner was discharged from custody; and from that order the said marshal appealed to this court.

Mr. *Thomas H. Anderson,* United States Attorney for the District of Columbia, and Mr. *Hugh T. Taggart,* Assistant United States Attorney for the appellant.

Mr. *A. A. Birney,* Mr. *Henry F. Woodard,* Mr. *John C. Chaney* and Mr. *Alphonso Hart* for the appellee.

Mr. Justice BARNARD, Associate Justice of the Supreme Court of the District of Columbia (who sat with the court in the hearing of this cause in the absence of Mr. Chief Justice ALVEY), delivered the opinion of the Court:

If the prisoner is discharged from custody on the hearing on a writ of *habeas corpus,* such order or judgment, amounts

to an adjudication, and is conclusive in his favor as matter *res adjudicata,* if he should be again arrested, *unless* some fact could be shown for holding him which did not exist at the time of his discharge. *United States* v. *Chung Shee,* 71 Fed. Rep. 277; 1 Freeman on Judgmts., Sec. 324; Church on *Habeas Corpus,* Sec. 386.

The case will be deemed *res adjudicata* as to all points necessarily involved, whether they were actually presented or not. *Perry* v. *McLendon,* 62 Ga. 598.

In this case, the petitioner had waived a preliminary examination before the United States commissioner, and thereby, in effect, had admitted the truth of the facts stated in the affidavit, or charge made for his arrest; so the only question to be heard and determined by the said commissioner was the question of the probable sufficiency of such facts to constitute an offense under the statute named, or under any other statute of the United States, or under the common law.

If there was any law violated by the petitioner by reason of the facts stated, it was the duty of the commissioner to admit him to bail, or to commit him to await the consideration of the grand jury. This would follow properly, if it only appeared that there was probable cause for believing him guilty of an offense. *Ex parte Jones,* 96 Fed. Rep. 200; *United States* v. *Johns,* 4 Dallas, 412; *Horner* v. *United States,* 143 U. S. 570; *Williams* v. *United States,* 168 U. S. 382.

The court will not, on *habeas corpus,* inquire into the merits of the decision of the committing magistrate, if he has before him any competent legal evidence, tending to incriminate the defendant, on which to exercise his judgment. *In re Cortes,* 136 U. S. 330; *Horner* v. *United States,* 143 U. S. 577.

The object of the writ of *habeas corpus* is to ascertain whether or not the prisoner can be legally detained in custody, and if the Government shows sufficient grounds for his detention, he will not be discharged for defects in the original arrest or commitment. *Nishimura Ekiu* v. *United States,*

142 U. S. 651.; *Iasigi* v. *Van de Carr,* 166 U. S. 391; *Price* v. *McCarty,* 89 Fed. Rep. 84; *Ex parte Watkins,* 3 Pet. 201.

The statute (Sec. 752, Revised Statutes United States) says the several justices and judges shall have power to grant writs of *habeas corpus,* " for the purpose of an inquiry into the cause of restraint of liberty."

If there is sufficient cause, the court will not discharge the petitioner, because of errors by the committing magistrate. *Ex parte Bollman,* 4 Cranch (U. S.) 114; *In re Bennett,* 2 Cr. C. C. 612.

We think the Supreme Court has announced the correct principle for this and like cases in its opinion in *Horner* v. *United States,* 143 U. S. 570, which was an appeal by Horner from an order remanding him to the marshal, on *habeas corpus.* · It was there held, that it was not proper for the court to determine, on such writ, whether the scheme stated in the writing in evidence was a lottery or not, as that was the question properly triable by the court wherein the indictment should be found.

The appellant's case was considered as being in the regular course of criminal adjudication, the United States commissioner having jurisdiction of the subject-matter involved, and of the person of Horner, and the grand jury, it was said, would have like jurisdiction. Whether the facts stated constituted a lottery or not, it was held, is not for the court to determine, in advance, on *habeas corpus.* If an inferior court or magistrate of the United States has jurisdiction, a superior court of the United States will not interfere by *habeas corpus.* *Ex parte Mason,* 105 U. S. 696; *Ex parte Carll,* 106 U. S. 521; *Ex parte Wilson,* 114 U. S. 417; *Wales* v. *Whitney,* 114 U. S. 564; *Ex parte Harding,* 120 U. S. 782; *Benson* v. *McMahon,* 127 U. S. 457; *In re Coy,* 127 U. S. 731, 758; *In re Cortes,* 136 U. S. 330; *Stevens* v. *Fuller,* 136 U. S. 468, 477, 478, and cases there cited.

The same reasoning appears in the cases of *Re Chapman,* 156 U. S. 215; *In re Belt,* 159 U. S. 95; and *Minn* v. *Brundage,* 180 U. S. 499.

A commissioner of the Circuit Court of the United States has power under section 1014, Revised Statutes United States, to arrest and imprison, or bail any offender, for trial before the proper court, for any crime or offense against the United States.

In such case it is made the duty of such officer to return copies of the process as speedily as may be into the clerk's office of such court, together with the recognizances of the witnesses for their appearance to testify in the case.

By section 1019, Revised Statutes United States, such commissioner is authorized to require better security when a party admitted to bail is about to abscond, or in default of which, to commit him to prison; and the order for his arrest may be indorsed on the former commitment, or new warrant issued, stating the cause thereof.  These sections seem to authorize such commissioners to exercise judicial discretion in the matter of the apprehension of offenders, and in detaining them, in an orderly way, until the grand jury can inquire into the facts of the case; and if their action is within the lines laid down for them, their orders ought to be respected by the courts, in any collateral inquiry.  They are not supposed to act in such matters with as much deliberation and certainty as a trial court.  There may be nice questions as to guilt, by reason of the facts stated in any given case; or fine questions as to the proper construction of the criminal statutes which are supposed to be violated by the admitted acts of the accused; but in all such cases it would appear to be proper for those questions to be raised in, and decided by, the trial court, in  the progress of orderly criminal adjudication, rather than to have them passed upon, in advance on *habeas corpus,* with such facts only brought to the attention of the judge at chambers, as were presented to the commissioner to hold to bail.  Where no new facts are brought to the attention of the justice, his action on the writ of *habeas corpus* is in the nature of appellate action; but it is not the purpose of the law that this writ shall be used for an appeal, or writ of error.

If the facts charged might be an offense against any statute,

the order releasing the petitioner from custody would prevent his prosecution; and hence it becomes an important question to determine just how far the courts should go in reviewing the action of a committing magistrate. There is no doubt but they may go into the merits of the case on *habeas corpus,* and if the evidence shows the order of commitment to be void, or that an offense could not have been committed, by reason of the undisputed facts, of course the prisoner should be released. Where, however, the magistrate is shown to have acted in good faith, and there is room for a trial court to hold that an offense has been committed by the petitioner, under any law, the order of the magistrate committing to jail for default in giving bail, is a proper and valid judgment, and should not be disregarded in a collateral proceeding.

It may be determined in the progress of this case, should it be investigated by the grand jury, that in order to make out an offense under said section 5418, or section 5479, a technical forgery as known at the common law, must be shown; but still there is room for difference of opinion on that proposition, when the purpose of the said sections, and all their contents, and relative provisions, are considered.

Forgery is briefly defined by some common-law authorities as the " making, *malo animo,* of any written instrument for the purpose of fraud and deceit." 2 East's Pleas of the Crown, 852. The court uses this language in the case of *United States* v. *Staats,* 8 How. 41:

"A genuine instrument containing a false statement of facts, used in support of a claim, the party knowing it to be false, and using it with intent to defraud, presents a case not distinguishable in principle or in turpitude, or in its mischievous effects, from one in which every part of the instrument is fabricated; and when the one is as fully within the words of the statute as the other, we may well suppose that it was intended to embrace it."

However this may be regarded, there is, as it seems to us, probability that the facts stated may constitute an offense under the provisions of section 5440, Revised Statutes United

States, relating to conspiracy, " to defraud the United States in any manner or for any purpose."

It is claimed by appellee that to defraud the United States, must mean to deprive it of money, wrongfully, or of something of money value; and that a falsehood or trick by which its officers are deceived in the matter of selecting those who are to perform work for it, could not be a fraud against the United States. We do not agree to this proposition.

The Civil Service Commission is a legal agency of the United States, created by act of Congress; and through it the President undertakes to find and appoint such persons as may best promote the efficiency of the civil service; and to that end regulations are prescribed by means of which the age, health, character, knowledge, and ability for the branch of service into which he seeks to enter, of each candidate, may be fully ascertained.

If falsehoods are imposed upon the persons charged with the duty of ascertaining these qualifications, and made to take the place of facts, then the United States is defrauded, is deprived by deceit of the knowledge justly due to its officers in the proper discharge of its business, and it is thereby liable to obtain a less efficient employee.

We think the trial court may properly hold that the appellee's alleged conduct, in co-operation with the candidate in this case, in making a false statement as to her past experience, constitutes an offense under this section 5440; and that such attempt at deception, if successfully carried out, would defraud the United States, within the meaning of the law. *United States* v. *Bunting,* 82 Fed. Rep. 883.

We do not wish to be understood, however, as laying down any rule of action, or method of construction, by which the trial court should feel bound; but what we decide is, that in our judgment, the facts presented to the United States commissioner, by the affidavit filed in this case, were of such a character as to justify his order, holding the accused to bail, to await the action of the grand jury; and if an indictment should be found, then all the questions sought to be raised on this *habeas corpus* proceeding could be properly

28

raised in the further progress of the cause in the trial court, and the judgment of that court would be subject to review on appeal, if errors were committed.

It follows from these views, that the order discharging the appellee from custody, must be *reversed, and the cause remanded with directions to dismiss the writ of habeas corpus.*