## VALENTINA *v.* MERCER, SHERIFF.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEW JERSEY.

No. 404. Argued February 27, 1906.—Decided March 12, 1906.

*Felts* v. *Murphy, ante,* p. 123, followed, to effect that the writ of *habeas corpus* cannot perform the functions of a writ of error and that the power of Federal courts to review the judgments of state courts is limited entirely to the question of jurisdiction.

On a trial for murder the accused admitted the killing, and after all the facts were presented the court charged the jury to consider all the evidence and that if the killing was premeditated to find a verdict of guilty in the first degree, if not, then on the admitted facts it was murder in the second degree. The jury found in the first degree. The highest court of the State held the charge was without error. *Held,* that on the record there was a valid trial by a court having jurisdiction of the subject matter and the person and there was no loss of jurisdiction over either at any time during the trial and the judgment of the state court could not be reviewed on *habeas corpus* proceedings in the Federal courts.

THE appellant has appealed from an order of the United States Circuit Court for the District of New Jersey, refusing her application for a writ of *habeas corpus.*

In her application for the writ, appellant stated that she had been indicted in the Bergen County Court of Oyer and Terminer, in the State of New Jersey, in April, 1904, for the murder of one Rosa Salza, and that she had been convicted on the trial of such indictment by a jury, and sentenced to be hanged on the nineteenth day of May, 1904. She averred that she had been convicted without authority of law, and that her conviction was null and void, because the question of her guilt or innocence of murder was not entertained by the court or submitted to the jury, as the law of New Jersey expressly requires in all cases where parties are indicted for murder, but, on the contrary, she averred that evidence was taken in said court in said proceedings on her trial merely to determine the degree of her guilt; that her counsel, assigned by the court to represent

her in said proceedings, had so stated in a petition in her behalf made to the Court of Pardons of the State of New Jersey. She further said that it was stated by her counsel, in that same petition, that she had pleaded guilty when she was arraigned, but that, under the direction of the court, a plea of not guilty was entered so that evidence might be taken for the purpose of determining the degree of guilt. This averment she denied. The petitioner claimed that the proceedings were wholly unwarranted by the law of New Jersey; and that the court and her counsel proceeded under the impression that section 68 of the act for the punishment of crimes, approved March 27, 1874 (Revision), which provided that "if a person indicted for murder should be convicted by confession in open court, the court should proceed by examining witnesses to determine the degree of the crime," was then in existence, whereas the said act had been repealed in 1893, and the present law passed, which provides, "if, upon arraignment, such plea of guilty should be offered, it shall be disregarded, and a plea of not guilty entered, and a jury, duly impanelled, shall try the case in manner aforesaid." The petitioner urged in her petition that by the proceedings adopted upon her trial she was deprived of all benefit of the presumption of innocence and of reasonable doubt to which she was entitled by law, and that the questions of self-defense and manslaughter, fairly raised by her testimony, were excluded from the consideration of the jury, and the question submitted to them was limited by the court simply as to whether she was guilty of murder in the first degree or not, and the benefit of reasonable doubt was confined to that point.

A writ of error was sued out by the petitioner and her case was brought before the Court of Errors and Appeals, the highest court of the State of New Jersey, for the purpose of review, and, after a hearing, that court refused a new trial. The case is reported in 71 N. J. Law, 552.

It appears from the record herein that upon the trial proof was given that the petitioner stabbed the deceased with a knife a great many times in the neck and breast, killing her instantly.

Counsel who had been assigned to defend the petitioner called her as a witness, and she admitted that she stabbed the deceased and killed her. She said that the deceased had a child in her arms at the time and that the petitioner said to her that she did not want to raise any trouble, and told her to put the child away, but that the deceased had the knife in her hand, right behind her dress, and that when petitioner saw that she had the knife and that the deceased was going to stab her, petitioner took the knife and grabbed the deceased by the hair, and before deceased stabbed her she took the knife away from her and stabbed the deceased.

Upon opening for the defense her counsel said as follows:

"This defendant, when arraigned in open court, made confession of the commission of this crime, and you, gentlemen of the jury, from the evidence that has been produced on the part of the State, and that which shall be offered on the part of the defense, will simply have to determine what the degree of guilt shall be; your verdict will be either that she is guilty of the taking of the life of this woman, Mrs. Salza, with malice aforethought, premeditated, which would mean a verdict of murder in the first degree, or your verdict will be murder in the second degree; so that I find myself in a very peculiar position. It is one of those cases around which—the circumstances being such —that we stand, as it were, with only the defendant to testify. After you have heard her testimony, and possibly one or two witnesses in connection therewith, the case will then be given to you for you to determine whether this woman shall forfeit her life for the act which she committed on March 10th, last, or whether she shall suffer the penalty which the law will inflict by reason of a verdict of murder in the second degree."

After that the evidence was given on the part of the defense, and the defendant was called as a witness, and admitted the killing.

*Mr. James M. Trimble* for appellant:

The proceedings which resulted in appellant's sentence to

death was not a trial at common law or a proceeding authorized by statute. It was a mere inquiry to determine the degree of murder of which defendant was guilty; it being assumed, certainly by counsel, and apparently by the court, that at her arraignment Anna Valentina "had confessed to the commission of this crime" (of which there was no proof before the court and jury) and that all that remained for the jury was to determine what degree of murder she was guilty of. This is evident from the opening of counsel for the defense, the certificate of the presiding justice, and the charge of the court.

It is unquestionable that counsel for the defense understood and conceived of the proceedings as a mere inquiry; he so told the jury in his opening. A mere inquiry to determine the degree of a crime is not a trial. *People* v. *Noll,* 20 California, 164.

Section 68 of the Criminal Procedure Act, 1874, which was considered by this court in the case of *Hallenger* v. *Davis,* 146 U. S. 314, and which formerly authorized the court to accept a plea of guilty of murder and then to proceed by the examination of witnesses to determine the degree of the crime, was abolished by the amendment to the Criminal Procedure Act, March, 1893, and does not form any part of the present act. Rev. Stat., 1898, P. L., 1898, p. 825. That amendment was: "If, upon arraignment, such plea of guilty shall be offered, it shall be disregarded, and a plea of not guilty entered, and a jury impanelled shall try the case in manner aforesaid."

The peremptory direction to the jury that they must find the defendant guilty of murder in one degree or the other, was a plain violation of the specific terms of the present statute, because that statute says that the jury shall designate by their verdict whether it shall be murder in the first or second degree, "if they find such person guilty." Revised Statutes, p. 1100, § 271; Revision 1898, P. L. 1898, pp. 824, 825. By this amendment it has been held that the common-law right of confession in open court of a crime of murder was abolished, nd the statute substituted for the advice of the judge the

mandate of the law that the citizen shall not be adjudged to death upon his own confession, but that *infavorem vitœ* the State shall prove to the satisfaction of a jury the crime laid in the indictment. *State* v. *Genz*, 28 Vr. 463.

In this case counsel for defense withheld, and the court excluded all of the possibilities except conviction of murder in one or the other degree. If this is possible in this case it is possible in any case of murder when the judge sees fit, and it is therefore tantamount to the absolute abolition of trial by jury.

There is no such power in the judge at common law. The plea of not guilty traversed every material fact alleged in the indictment. 3 Greenleaf, Evidence, part 5, § 12.

Under the indictment there could have been a conviction of any grade of manslaughter established by the evidence, and defendant could only be convicted of that degree which the evidence established beyond reasonable doubt. Charge of Judge Magie in *Wilson* v. *State*, 31 Vr. 172. This is merely declaratory of the common law. Roscoe's Criminal Evidence, 82.

Appellant was entitled to the presumption of innocence and reasonable doubt on the whole case, and not on a part thereof. 3 Greenleaf, Evidence, part 5, § 29. In this case the application of reasonable doubt was limited by the court to the question whether appellant was guilty of murder in the first degree.

The constitution of New Jersey provides that the accused shall be informed of the nature and cause of the accusation and shall be confronted with the witnesses against him. Art. 1, subd. 8. "Confronted" does not mean merely bodily presence; the barrier of language is quite as great as the barrier of distance; and in cases like the present one, where a foreigner, not speaking English, is on trial, this constitutional provision is not satisfied, unless the testimony and proceedings are translated to the accused. An examination of the record will show that nothing was translated to this defendant, except specific questions. Cooley, Const. Lim., 7th ed., 457; *Dougherty* v. *Commonwealth*, 69 Pa. St. 286.

The State has full control over the procedure in its courts subject only to the qualifications that such procedure must not work a denial of fundamental rights, or conflict with specific and applicable provisions of the Federal Constitution. *Brown* v. *New Jersey*, 175 U. S. 172. But here is denial of fundamental rights. Here is conflict with the specific and applicable provision of the Federal Constitution.

It is not alone the question of jurisdiction which may be inquired into in proceedings on *habeas corpus*. *Storti* v. *Massachusetts*, 183 U. S. 138.

*Mr. Robert H. McCarter*, Attorney General of the State of New Jersey, for appellee:

The permission accorded by § 753 of the United States Revised Statutes to Federal judges to issue writs of *habeas corpus* in all cases of this kind, does not justify the Circuit Court, or this court, on review of its action, to consider questions as on writ of error or appeal. The writ of *habeas corpus* thus authorized cannot be made to perform the functions of a writ of error or appeal. See 15 Am. and Eng. Ency. of Law, pp. 174 *et seq.*, and cases cited.

This proceeding is exactly like that condemned by this court in *Storti* v. *Massachusetts*, 183 U. S. 138, 141. See also *In re Wood*, 140 U. S. 278; *In re Tyler*, 149 U. S. 164; *Anderson* v. *Treat*, 172 U. S. 24.

In *In re Eckart*, 166 U. S. 481, the prisoner was held not entitled to a discharge on *habeas corpus* because the degree of the crime when divided into degrees, with punishment varying according to the degree, was not specified in the indictment; that the indictment was found on improper evidence—*Harkrader* v. *Wodley*, 172 U. S. 148; the arbitrary exclusion from the panel of persons of the race of the accused—*Andrews* v. *Schwarts*, 156 U. S. 272; the refusal of the appellate tribunal of the State to grant the accused a writ of error. *Bergemann* v. *Backer*, 157 U. S. 655.

The supposed unconstitutional feature of this trial is the

fact that the court, acting upon the concession of the learned counsel for the defendant, that the evidence made the case either one of murder in the first or second degree, directed the jurors' attention solely to the legal difference between these two degrees of crime. This action of the trial judge was the subject of severe criticism in the Court of Errors and Appeals, and was directly sustained by that court upon the ground that the circumstances conclusively established the crime of murder.

The bare fact that the record fails to disclose, in the proceedings at the trial or in the Court of Errors and Appeals, a single suggestion that the petitioner was deprived of her rights under the Constitution, treaties and laws of the United States, or that the same were in any way involved, is enough to defeat this application. To permit this court to review cases of this character, the alleged deprivation of the rights secured by the Constitution or laws of the United States must have been set up in the state court. *Clark* v. *Pennsylvania,* 128 U. S. 397; *Caldwell* v. *Texas,* 137 U. S. 692; *McNulty* v. *California,* 149 U. S. 645.

There is no dispute in this case that the petitioner was amenable to the jurisdiction of the state court; that she was legally indicted; that she pleaded not guilty; had counsel assigned to her; that she was tried and convicted under a statute of the State in no way repugnant to the Constitution or laws of the United States, and this conviction was duly affirmed by the Court of Errors and Appeals. Under such circumstances the Federal courts have no authority to interfere, by *habeas corpus,* with the execution of the sentence by the state court. *Bergemann* v. *Backer,* 157 U. S. 655.

With the disposition of state questions by the appropriate state authorities, it is not the province of this court to interfere. *Lambert* v. *Barrett,* 157 U. S. 697.

Almost every question here involved has been directly passed upon by this court in previous cases. See *Kohl* v.

*Lehlbach,* 160 U. S. 193; *In re Jugiro,* 140 U. S. 291; *Lambert*
v. *Barrett,* 159 U. S. 660; *Caldwell* v. *Texas,* 137 U. S. 692;
*Hallinger* v. *Davis,* 146 U. S. 314.

Mr. Justice Peckham, after making the foregoing state-
ment, delivered the opinion of the court.

In this case, as in that of *Felts* v. *Murphy,* decided this day,
the question arises on an appeal from an order of the Circuit
Court of the United States for the District of New Jersey,
refusing appellant's petition for a writ of *habeas corpus.* Our
power to interfere in cases of this nature is limited entirely
to the question of jurisdiction. If the state court had juris-
diction to try the case, and had jurisdiction over the person
of the accused, and never lost such jurisdiction, the Federal
Circuit Court was right in denying the application of petitioner
for a writ, and its order must be affirmed. A writ of this
nature cannot perform the function of a writ of error. We
again cite the authorities referred to in the *Felts* case: *Ex parte
Bigelow,* 113 U. S. 328; *In re Lennon,* 166 U. S. 548, 552;
*In re Eckart,* 166 U. S. 481.

The contention of the counsel for the petitioner is that the
proceedings upon the trial, which resulted in appellant's sen-
tence to death, did not amount to a trial at common law, or a
proceeding authorized by any statute. That it was a mere
inquiry to determine the degree of murder of which defendant
was guilty, and hence she has never had a trial by due process
of law, and the action of the state court was without jurisdic-
tion. A perusal of the charge of the court to the jury shows
that the whole case was presented to the jury upon the evi-
dence that was produced in court. Upon all the evidence given
the court stated to the jury that there was no evidence to show
that the defendant killed the deceased in her necessary self-
defense, and the court instructed the jury that it would not
be justified in acquitting the defendant on the ground of self-
defense. The court further said that there was no question

of manslaughter in the case, and that, not only as a necessary conclusion from the evidence, but upon the admitted facts in the case, the defendant was guilty of the crime of murder, and the only question left for the consideration of the jury was whether it was murder in the first degree or second degree. The court gave an extended explanation as to what constituted murder in the first degree and what constituted murder in the second degree, and stated that the defendant was guilty of murder in the second degree, unless the evidence satisfied the jury beyond a reasonable doubt that the defendant intended to take the life of deceased, and that the intent was carried into execution deliberately, willfully and with premeditation. Finally, the court submitted to the jury the case and instructed it to consider all the evidence according to the recollection of the jury, and giving to the evidence such weight as it possessed on the mind of the jury. The court stated it was the duty of the jury to determine whether the defendant intended to kill the deceased, and carried out that purpose willfully, deliberately and with premeditation. If she did, she was guilty of murder in the first degree, and it was the duty of the jury to say so. If not, then on the admitted facts she was guilty of murder in the second degree, and it was the duty of the jury to say that by its verdict. The jury found the petitioner guilty of murder in the first degree.

The charge of the court was the subject of review by the court of last resort of the State of New Jersey, and it was held by that court to be without error. Upon the record in this case there can, in our judgment, be no possible doubt that the petitioner has had a valid trial by a court having jurisdiction of the subject matter and of the person of the accused, and that there was no loss of jurisdiction over either at any time during the trial. What effect was to be given by the court to the admission of counsel (above set forth) was a question of law for the court to decide, and the charge of the court did not oust it of jurisdiction to proceed in the trial of the case.

This is to us so plain a proposition that it is unnecessary to enlarge upon it.

Having no power to review on this writ any other question than that of the jurisdiction of the court in the trial and sentence pronounced upon the verdict of guilty, and concluding that there was the necessary jurisdiction, the order of the Circuit Court refusing the writ of *habeas corpus* is

*Affirmed.*