

## Ex parte FINN.

### No. 313.

District Court, E. D. Kentucky.

Sept. 10, 1936.

Smith & Schuberth, of Cincinnati, Ohio, for petitioner.

Mac Swinford, of Lexington, Ky., U. S. Dist. Atty., for respondent.

FORD, District Judge.

The petitioner, Julius R. Finn, seeks a writ of habeas corpus alleging that John M. Moore, United States Marshal, holds him in custody "without legal right or warrant of federal law." The petition shows that the petitioner is detained in the custody of the Marshal pursuant to processes of this court issued upon two indictments returned in this court against him, each of which charges violation of the laws of the United States. The petition does not show that the petitioner, the defendant in said indictments, has been denied reasonable bond or an opportunity to execute the same. The grounds upon which the right to the writ is asserted are, in substance, that the indictments against the petitioner describe no offense against the laws of the United States, and that the statutes under which the indictments are drawn are invalid, or, if valid, are inapplicable and afford no justification for his imprisonment.

The petitioner has not been tried on either of said indictments. The petition does not show that the action of the court has been invoked upon the question of the sufficiency or validity of said indictments by a motion to quash or otherwise.

Section 755 of the Revised Statutes of the United States (28 U.S.C.A. § 455) provides that the court or judge to whom an application for a writ of habeas corpus is made shall forthwith award the writ, "unless it appears from the petition itself that the party is not entitled thereto."

In the case of In re Lancaster, 137 U. S. 393, 11 S.Ct. 117, 34 L.Ed. 713, it was held that a writ of habeas corpus would not be issued, before trial, in a case where the petitioners had been indicted in a lower court of the United States and taken into custody, but had not invoked the action of the lower court upon the sufficiency of the indictment by a motion to quash or otherwise, although the contention was that the matters and things set forth and charged in the indictment did not con-

stitute an offense or offenses under the laws of the United States.

In the case of Glasgow v. Moyer, 225 U.S. 420, 429, 32 S.Ct. 753, 756, 56 L.Ed. 1147, in commenting upon a previous effort of the petitioner to secure habeas corpus before trial, the court said: "We have already pointed out that appellant, before his trial, petitioned this court in habeas corpus and that his petition was denied on the ground that his proper remedy was by writ of error after trial. * * * The ground of the decision was that there was an orderly procedure prescribed by law for him to pursue; in other words, to set up his defenses of fact and law, whether they attacked the indictment for insufficiency or the validity of the law under which it was found; and, if the decision was against him, test its correctness through the proper appellate tribunals."

Other cases in which the Supreme Court has declined, in advance of trial, to exercise the power to issue habeas corpus to discharge prisoners who are in custody under the processes of state or federal courts of original jurisdiction, awaiting trial on indictments, are: Riggins v. United States, 199 U.S. 547, 26 S.Ct. 147, 50 L.Ed. 303; In re Chapman, 156 U.S. 211, 15 S.Ct. 331, 39 L.Ed. 401, and Ex parte Huntington, 137 U.S. 63, 11 S.Ct. 4, 34 L.Ed. 567.

It is clearly pointed out by the Supreme Court in these cases that it was not the intention of Congress, in vesting the courts of the Union with power to issue writs of habeas corpus, to introduce such intolerable confusion in the administration of justice as would necessarily follow if it were permissible for defendants to test the legal sufficiency or validity of indictments by collateral proceedings of this character. The propriety of granting writs of habeas corpus in any cases where there are remedies by writs of error or appeal is limited to those cases of a rare and exceptional nature. Riggins v. United States, supra. This is not such a case.

It appearing from the petition itself that the petitioner is not entitled to the writ of habeas corpus, his petition therefor is denied.

Let an order be entered noting the filing of the petition and the denial of the relief sought for the reasons herein indicated.