### UNITED STATES ex rel. POTTS v. RABB, U. S. Marshal.

### No. 160.

District Court, M. D. Pennsylvania.

Dec. 3, 1943.

Appeal Dismissed Feb. 14, 1944.

See 141 F.2d 45.

Saul, Ewing, Remick & Harrison and Frederick B. Smillie, all of Philadelphia, and John Y. Scott, of Harrisburg, Pa., for appellant.

Max H. Goldschein, Spe. Asst. to Atty. Gen., and Frederick V. Follmer, U. S. Atty., of Scranton, Pa., for the Government, for Robert W. Rabb, U. S. Marshal.

WATSON, District Judge.

October 20, 1943, Theodore Roosevelt Potts and others were indicted (No. 10,984, October Term, 1943) and in the indictment were charged with violation of the laws of the United States. November 15, 1943, Potts and the other defendants were detained in the custody of the marshal pursuant to processes of this court issued upon the indictment referred to. On the same day all of the defendants were called for arraignment. They appeared in the court room before the Judge, and counsel for each defendant presented a petition for a writ of habeas corpus. On the same day after hearing in open court and upon due consideration, the prayers of the petitions were denied. The petition of Potts, which is the only one I shall discuss in this opinion, alleges that he is illegally in the custody of the United States marshal for this district, because there are two indictments pending against him charging the same offense involving the same facts and evidence, and that he is, therefore, unlawfully restrained upon a charge for which he has been previously indicted, and which said previous indictment has not "been discharged, quashed, or withdrawn". The petitioner has not yet gone to trial under either indictment, and the present petition for habeas corpus is in advance of trial. On November 20, 1943, a nolle prosequi was entered as to the first or previous indictment (No. 10,787, December Term, 1942). Therefore, the question as to whether the petitioner is entitled to a writ of habeas corpus for the reason set forth in the petition and above referred to is moot. However, in my opinion, the reason is entirely without merit. Kastel v. United States, 2 Cir., 30 F.2d 687, and cases there cited.

It is further alleged in the petition that no witnesses testified nor could any

witness testify before the Grand Jury which returned the second indictment who could legally give competent evidence of the charge set forth in the said indictment. This is clearly an attempt to test the legal sufficiency of the indictment by collateral proceedings. The Supreme Court has definitely pointed out that such proceedings are improper. Glasgow v. Moyer, 225 U.S. 420, 429, 32 S.Ct. 753, 56 L.Ed. 1147. If it were permissible for defendants to test the validity of indictments by proceedings of this character, the result would be intolerable confusion in the administration of justice, and such was not the intention of Congress when it vested the courts with power to issue writs of habeas corpus. Ex parte Finn, D.C., 16 F.Supp. 1.

It appears from the petition itself that the petitioner was not entitled to a writ of habeas corpus, and the prayer of the petition was, therefore, denied.