UNITED STATES ex rel. POTTS v. RABB,
United States Marshal.

No. 8543.

Circuit Court of Appeals, Third Circuit.

Argued Jan. 4, 1944.

Decided Feb. 14, 1944.

Walter Biddle Saul, of Philadelphia, Pa. (John Y. Scott, of Harrisburg, Pa., Frederick B. Smillie, of New York City, and Saul, Ewing, Remick & Harrison, of Philadelphia, Pa., on the brief), for appellant.

M. H. Goldschein, of Washington, D. C. (Frederick V. Follmer, U. S. Atty., of Scranton, on the brief), for respondent.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

The appeal at bar, stripped to its essentials, requires us to decide the question of whether an individual, arrested upon a bench warrant issued under an indictment, may test by writ of habeas corpus the sufficiency of the evidence before the grand jury which returned the indictment.

The indictment charges the appellant with a conspiracy to defraud the United States in connection with the construction of a naval depot at Mechanicsburg, Pennsylvania. It was returned by a duly constituted grand jury of the District Court of the United States for the Middle District of Pennsylvania. After its return the appellant was advised by the United States Attorney to appear in court on November 15, 1943, for arraignment. When the appellant came into court his counsel filed a petition for a writ of habeas corpus. The court decided that the appellant was not entitled to the writ because he was not in custody. The United States Attorney then asked for and received a bench warrant for the arrest of the appellant. He was arrested in the courtroom by the United States Marshal. His counsel immediately filed a second petition for a writ of habeas corpus.

▪ The appellant's second petition asserted (as did his first) that no witness testified before the grand jury who could or did give legally competent evidence against him. He contends, therefor, that the bench warrant was issued without probable cause and in derogation of his rights under the Fourth Amendment to the Constitution of the United States.[1] The court again refused to issue the writ.[2] About two hours later the court admitted the appellant to bail which he immediately made. A few days later the appellant filed a motion to quash the indictment,[3] the grounds of the motion being those stated in his petitions for habeas corpus.

▪ The appellant in effect argues that because there was a short period of time following his arrest on the afternoon of

---

[1] The history and development of the Fourth Amendment show that it guarantees the right of the individual to be secure in his person against unreasonable arrests, as well as against unreasonable searches of houses and seizure of papers and effects. See "The History and Development of the Fourth Amendment to the United States Constitution", Lasson, Series LV No. 2 of the Johns Hopkins University Studies in Historical and Political Science, 1937, and in particular pp. 35, 95, 117 and 132 and the authorities and notes cited therein.

[2] The court in its opinion dated December 3, 1943, gave the reasons for its refusal, stating, inter alia, "If it were permissible for defendants to test the validity of indictments by proceedings of this character, the result would be intolerable confusion in the administration of justice, and such was not the intention of Congress when it vested the courts with power to issue writs of habeas corpus. Ex parte Finn, D.C., 16 F.Supp. 1." U. S. ex rel. Potts v. Rabb, 53 F.Supp. 79, 80.

[3] This has been made part of the record before us.

November 15, 1943 in which he was in the custody of the United States Marshal he is entitled to prosecute this appeal despite the fact that he was admitted to bail a little later upon the afternoon of that very day. We cannot agree. The appeal at bar is moot. It was moot even when the notice of appeal was filed on November 29, 1943.

 The writ of habeas corpus is one of the great writs upon which the liberty of the individual depends. Its grant cannot be permitted to turn upon an academic question of whether at a given instant in time an individual was within the custody of a United States marshal when in fact he was enlarged on bail a few hours later. Indeed, if we were to reverse the order of the court below and direct it to grant the writ, our mandate would be a nullity for the appellant is not presently deprived or restrained of his liberty. See the actual wording of R. S. § 754, 28 U.S.C.A. § 454.[4] Cf. the facts of Ex parte Catanzaro, 3 Cir., 138 F.2d 100, 101.

But quite aside from the foregoing, the learned District Judge committed no error in denying the petition for the writ. The courts of the United States have held almost without exception that the writ of habeas corpus will not lie to question the sufficiency of an indictment which on its face is within the jurisdiction of the court to which it was returned and that the writ of habeas corpus will not serve as a writ of error. Knewel, Sheriff, v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036; Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969; Valentina v. Mercer, 201 U.S. 131, 26 S.Ct. 368, 50 L.Ed. 693; Horner v. United States, 143 U.S. 570, 12 S.Ct. 522, 36 L.Ed. 266; Ex parte Mason, 105 U.S. 696, 26 L.Ed. 1213; Ex parte Carll, 106 U.S. 521, 1 S.Ct. 535, 27 L.Ed. 288; In re Frederich, 149 U.S. 70, 75, 13 S.Ct. 793, 37 L.Ed. 653. The court below had jurisdiction of the appellant and of the offense with which he is charged. As we have stated the appellant has raised substantially the same objections to the sufficiency of the indictment in his motion to quash as he has in his petition for habeas corpus. His rights under the Fourth Amendment can be protected fully under the motion to quash. If there was no legally competent evidence before the grand jury which returned the indictment, that fact may be ascertained on the hearing of the motion. See In re Lancaster, 137 U.S. 393, 395, 11 S.Ct. 117, 34 L.Ed. 713; Brady v. United States, 8 Cir., 24 F.2d 405, 407–408, 59 A.L.R. 563; Nanfito v. United States, 8 Cir., 20 F.2d 376, 377, 378; United States v. Rubin, D.C., 218 F. 245, 247–250.

The appeal is dismissed as moot.

---

[4] R.S. Sec. 754 provides in part: "Application for writ of habeas corpus shall be made to the court, or justice, or judge authorized to issue the same, by complaint in writing, signed by the person for whose relief it is intended, setting forth the facts concerning the detention of the party restrained, in whose custody he is detained, and by virtue of what claim or authority, if known."