## UNITED STATES v. POTTS.
### No. 10984.

District Court, M. D. Pennsylvania.

Oct. 4, 1944.

See also 57 F.Supp. 206.

Max H. Goldschein, Sp. Asst. to Atty. Gen., and Frederick V. Follmer, U. S. Atty., of Scranton, Pa., for the Government.

Saul, Ewing, Remick & Harrison and Frederick B. Smillie, all of Philadelphia, Pa., and John Y. Scott, of Harrisburg, Pa., for defendant.

WATSON, District Judge.

On the petition of Theodore Roosevelt Potts, to whom I shall refer as "the Petitioner," a rule was granted upon Frederick V. Follmer, United States Attorney for the Middle District of Pennsylvania, to show cause why he should not give to Theodore Roosevelt Potts and his attorney, Walter Biddle Saul, the names of the witnesses who testified before the Grand Jury which returned the Indictment No. 10,984 October Term, 1943, 57 F.Supp. 206.

The Petitioner first attacked the indictment by filing a petition for a writ of Habeas Corpus, alleging that he had been arrested upon a warrant issued without probable cause and praying for protection of the provisions of the Fourth Amendment of the Constitution of the United States. This Court refused to grant the writ and was sustained in its refusal on appeal, by the Circuit Court of Appeals, United States of America ex rel. Theodore Roosevelt Potts v. Robert W. Rabb, 3 Cir., 141 F.2d 45, 47.

In its opinion, the Circuit Court of Appeals stated: "As we have stated the appellant has raised substantially the same objections to the sufficiency of the indictment in his motion to quash as he has in his petition for habeas corpus. His rights under the Fourth Amendment can be protected fully under the motion to quash. If there was no legally competent evidence before the grand jury which returned the indictment, that fact may be ascertained on the hearing of the motion."

Thereafter, a hearing was held on petition and rule on Robert W. Rabb, United States Marshal for the Middle District of Pennsylvania, to show cause why the names of the witnesses who appeared and testified before the Grand Jury identified above should not be disclosed to the Petitioner. That rule was discharged and the petition dismissed.

■ Petitioner now attempts to obtain the names of the Grand Jury witnesses from the United States Attorney. He contends, first, that the decision of the Circuit Court of Appeals above quoted must be adhered to closely as "the law of the case," This is undoubtedly true, but I differ with the Petitioner as to what that opinion holds and as to that which was intended by the Circuit Court of Appeals.

■ Petitioner contends that when the Circuit Court of Appeals informed him that

he had the right to prove the fact that there was no competent evidence before the Grand Jury, it intended that he should be furnished with the names of those who testified before the Grand Jury in the absence of any allegation or showing that there was some irregularity on the part of the witnesses before the Grand Jury. Surely it can not be seriously contended that the Circuit Court of Appeals, by pointing out the proper method of procedure for Petitioner, intended to overrule all prior settled law on the question here involved. The Circuit Court of Appeals merely meant that Petitioner had the right to show irregularity by some legally competent evidence of his own and not by some breach of precedent.

■ The general rule is that the defendant is not entitled as a matter of law to a list of the names of the witnesses who appeared before the Grand Jury. There is no provision in the law requiring the United States Attorney to furnish the defendant with the names of those who testified before the Grand Jury. But, on the contrary, there is a regulation promulgated by the Attorney General May 22, 1939, pursuant to authority vested in him by statute, 5 U.S.C.A. § 22, making all official records in the office of the United States Attorney confidential, and requiring the United States Attorney to refuse to produce such records on request. "This regulation has the force of law, and the court has no jurisdiction or power to punish an officer for conforming to that law." Ex parte Sackett, 9 Cir., 74 F.2d 922, 923. In United States v. Garsson, D.C., 291 F. 646, 649, a request similar to the one made here was refused. Judge Learned Hand made this statement: "No doubt grand juries err and indictments are calamities to honest men, but we must work with human beings and we can correct such errors only at too large a price. Our dangers do not lie in too little tenderness to the accused. Our procedure has been always haunted by the ghost of the innocent man convicted. It is an unreal dream. What we need to fear is the archaic formalism and the watery sentiment that obstructs, delays, and defeats the prosecution of crime."

■ Petitioner contends that in certain cases a situation might arise, in which circumstances and evidence would compel the Court in fairness to the accused to enter into an investigation of the Grand Jury proceedings to determine its actions, the testimony taken before it, and the witnesses giving that testimony. It is true that a situation might arise pressing the Court to such an investigation of the Grand Jury's activities, but that should take place only on a showing by the Petitioner of sufficient reason on which the Court might base its belief that irregularities had occurred. In the case at bar, Petitioner has continuously made apparent his total lack of knowledge of any circumstance which would cast any doubt upon the propriety of the proceedings before the Grand Jury. It would be presumptuous of this Court to demand that the names of the witnesses be made known to the defendant in conflict with all prior precedent on no less provocation than that the Petitioner states that he is innocent and, therefore, he should have the names of the witnesses who testified before the Grand Jury, in order that he may have an opportunity to show "whether or not there was any legally competent evidence before the Grand Jury."

The rule to show cause is discharged, and the petition is dismissed.