## UNITED STATES v. POTTS.
### No. 10984.

District Court, M. D. Pennsylvania.

Oct. 4, 1944.

See also 57 F.Supp. 204.

Max H. Goldschein, Sp. Asst. to Atty. Gen., and Frederick V. Follmer, U. S. Atty., of Scranton, Pa., for the Government.

Saul, Ewing, Remick & Harrison and Frederick B. Smillie, all of Philadelphia, Pa., and John Y. Scott, of Harrisburg, Pa., for defendant.

WATSON, District Judge.

This matter is before the Court upon motion of the defendant to quash the indictment and the motion of Government to strike off defendant's motion and answer.

The motion to quash as filed sets forth various grounds, but at hearing thereon, counsel for the defendant withdrew all grounds except the ground that there was no competent evidence before the Grand Jury that would justify the returning of an indictment against the defendant.

At the hearing on the motion to quash, the defendant sought, by calling the United States Attorney to the stand, to ascertain the names of the witnesses examined by the Grand Jury and offered to prove by subsequent testimony that the witnesses examined could not have produced any competent evidence to justify defendant's indictment. Counsel for the Government objected to the examination of the United States Attorney as to the names of the witnesses appearing before the Grand Jury and this objection was sustained. Thereupon, counsel for the defendant introduced letters exchanged between himself and the United States Attorney in which the latter refused, upon request, to furnish defendant with the names of the witnesses who appeared before the Grand Jury and then rested.

This being the state of the record, it is obvious that defendant has produced no evidence to support his motion to quash and the same must be dismissed.

Although there is undoubtedly considerable merit in the reasons relied upon by the Government in its motion to strike, in view of the conclusion reached with reference to the motion to quash, it is unnecessary to pass upon the questions raised by the Government's motion to strike.

The motion of the defendant to quash the indictment is denied.