## UNITED STATES v. REESE et al.
### Cr. A. No. 15861.

United States District Court
E. D. Pennsylvania.

June 18, 1951.

See also, D.C., 96 F.Supp. 913.

W. A. Gay, Jr., Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Hymen Schwartz, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

Defendant, having pleaded not guilty to an indictment charging him with the use of the mails in furtherance of a scheme to defraud, now moves for an order upon the United States Attorney (1) to furnish him with a list of witnesses who appeared before the Grand Jury, (2) to permit him to inspect the minutes of the Grand Jury, (3) to permit him to inspect and make copies of a statement and of correspondence he gave to the postal inspector, and (4) moves to dismiss the indictment on the ground that there was "apparently" no competent evidence before the Grand Jury to warrant the finding of a true bill of indictment. In support of the motions, affidavits of the defendant and of his attorney have been filed. The latter sets forth that registered letters, with return receipts requested, were sent to the ten alleged victims of the scheme, asking them to state whether they had appeared before the Grand Jury. All letters were delivered to the addressees and four answers were received to the effect that the writers had not appeared before the Grand Jury. Defendant's own affidavit avers his innocence and sets forth that he made a statement to the postal inspector, which statement contained no admission of guilt. The attorney's affidavit "deduces" that there was no competent evidence before the Grand Jury.

Without embarking upon an extended discussion of the law, I take it to be well settled that the court has the power, in its discretion, to compel disclosure of matters occurring before the Grand Jury. Rule 6(e), Federal Rules of Criminal Procedure, 18 U.S.C.A.; United States v. Alper, 2 Cir., 156 F.2d 222; United States v. Papaioanu, D.C., 10 F.R.D. 517. But there must be a showing by the defendant sufficient to support the conclusion that irregularities occurred in the proceedings that would vitiate the indictment. See Whitman, Federal Criminal Procedure (1950), Sec. 6.11, p. 50; United States v. Potts, D.C., 57 F.Supp. 204; United States v. Papaioanu, supra, and cases cited in note 4. I do not regard the "deduction" drawn by the affidavit of defendant's attorney as a sufficient showing, despite the absence of a reply affidavit by the Government. Therefore, the motion to permit inspection of the Grand Jury's minutes will be denied, as will the motion to dismiss the indictment.

Neither is the defendant entitled as a matter of law to a list of the names of the witnesses who appeared before the Grand Jury. United States v. Potts, supra; United States v. Oley, D.C., 21 F.Supp. 281.

However, inasmuch as the Government has made no particular objection to the motion to permit the defendant to inspect and make copies of his statement and correspondence, that motion will be granted.