**MILLER v. HIATT, Warden.**

No. 8512.

Circuit Court of Appeals, Third Circuit.

Argued Jan. 6, 1944.

Decided March 8, 1944.

Richard H. Miller, in pro. per.

Herman F. Reich, Asst. U. S. Atty., of Lewisburg, Pa., for appellee.

Before BIGGS, GOODRICH, and McLAUGHLIN, Circuit Judges.

PER CURIAM.

The appellant filed a petition for a writ of habeas corpus to the District Court of the United States for the Middle District of Pennsylvania alleging that he is wrongfully deprived of his liberty. He was convicted in the United States District Court for the Southern District of Ohio for violations of the Mann Act, 18 U.S.C.A. § 397 et seq., and was sentenced to terms of imprisonment in the United States Penitentiary at Lewisburg, Pennsylvania. The appellant asserts that a "confession or statement" was obtained from him by agents of the Federal Bureau of Investigation by means of threats and intimidation and that this confession submitted to the jury was the cause of his conviction. He contends also that the prosecutrix, whom he alleges to be a co-conspirator, was incompetent to testify against him. The District Court dismissed the writ for the reasons set forth in its opinion. See 51 F.Supp. 76.

The appellant relies upon the decision of the Supreme Court in McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819. In the cited case the Supreme Court held that incriminating statements obtained by federal officers under the circumstances related in the opinion

were in disregard of the Acts of Congress requiring that the person arrested shall be immediately taken before a committing officer for a hearing. See 18 U.S.C.A. § 595, and 18 U.S.C.A. § 593. In the McNabb case, however, certiorari was granted to review the affirmance of conviction of second degree murder had in the United States District Court for the Eastern District of Tennessee and sustained by the United States Circuit Court of Appeals for the Sixth Circuit. 123 F. 2d 848. No petition for writ of habeas corpus was filed in the McNabb case.

McNabb v. United States does not change the existing law relating to writs of habeas corpus. The Supreme Court expressly stated, 318 U.S. at page 347, 63 S.Ct. at page 616, 87 L.Ed. 819, " * * * we confine ourselves to our limited function as the court of ultimate review of the standards formulated and applied by federal courts in the trial of criminal cases."

■ The writ of habeas corpus will not serve in lieu of an appeal, Harlan v. McGourin, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849, and Pope v. Huff, 73 App.D.C. 170, 117 F.2d 779, certiorari denied, sub nomine Pope v. Curran, 314 U.S. 669, 62 S.Ct. 134, 86 L.Ed. 535, rehearing denied, 314 U.S. 713, 714, 62 S. Ct. 299, 358, 86 L.Ed. 568, 569, and the questions of admissibility of evidence here raised by the appellant were appropriate subject matter for an appeal.

The order of the District Court is affirmed.