**EURY v. HUFF, General Superintendent D. C. Reformatory.**

No. 8672.

United States Court of Appeals District of Columbia.

Decided Nov. 30, 1944.

Mr. J. Benjamin Simmons (appointed by District Court), of Washington, D.C., for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney, of Washington, D. C., was on the brief, for appellee.

Before MILLER, EDGERTON and AR-NOLD, Associate Justices.

MILLER, Associate Justice.

Appellant was convicted, after trial by jury in the District Court, of housebreaking, and judgment was entered sentencing him to imprisonment for a term of two to six years. Thereafter, he filed a petition for a writ of habeas corpus, which was denied by the trial judge. The material allegations of the petition, upon which appellant relies in this Court, are as follows: "Petitioner says that he was seized and deprived of his liberty, personal papers and effects by the Metropolitan Police of Washington, D. C.; held in custody and confined to a cell for a period of more than forty-eight (48) hours without arraignment; that during this time he was denied the services of an attorney; that he was subjected to constant physical and mental pain; that this confinement was done with the intent, purpose or effect of obtaining verbal statements *which were instrumental* in securing his conviction." [Italics supplied]

Appellant argues that these allegations, if proven, entitled him to release because in such event he was held prisoner under a judgment rendered in violation of rights guaranteed him by the Constitution. But the argument is without merit. Assuming the petition means that an involuntary confession was actually received in evidence,[1] still that question could not be retried by the procedure of habeas corpus.[2] Sufficiency of the evidence to support a conviction is not jurisdictional

---

[1] Cf. McNabb v. United States, 318 U. S. 332, 63 S.Ct. 608, 87 L.Ed. 819.

[2] Miller v. Hiatt, 3 Cir., 141 F.2d 690; see also Adams v. United States ex rel.

and is not open to review in habeas corpus proceedings.[3]

 Even more important, there is no suggestion that the court was coerced, or that any officer failed properly to perform his duty—from arraignment to commitment —or that appellant was not fully protected as to all his rights by counsel, judge and jury.[4] The writ of habeas corpus is not intended to serve the purpose of an appeal.[5] It cannot be used, either, to inquire into official misconduct occurring prior to indictment and having no bearing upon the procedure of the trial, or upon the jurisdiction of the trial court. As the Supreme Court has said, very recently: "Our duty in shaping rules of evidence relates to the propriety of admitting evidence. This power is not to be used as an indirect mode of disciplining misconduct."[6] This language was used to define and limit the appellate court's power in the same criminal proceeding. The limitation is even more applicable where, as here, a petitioner seeks, not only the disciplining of misconduct, but his own release by means of a collateral attack upon a valid judgment.[7]

Affirmed.

McCann, 317 U.S. 269, 274, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435, citing Glasgow v. Moyer, 225 U.S. 420, 428, 32 S.Ct. 753, 56 L.Ed. 1147; Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034; Hodge v. Huff, 78 U.S.App. 329, 330, 140 F.2d 686, 687.

[3] Pope v. Huff, 73 App.D.C. 170, 117 F.2d 779, certiorari denied Pope v. Curran, 314 U.S. 669, 62 S.Ct. 134, 86 L. Ed. 535, rehearing denied 314 U.S. 713, 62 S.Ct. 299, 86 L.Ed. 568.

[4] Cf. Mooney v. Holohan, 294 U.S. 103, 112, 55 S.Ct. 340, 79 L.Ed. 791, 98 A. L.R. 406; Adams v. United States ex rel. McCann, 317 U.S. 269, 275, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435; Smith v. O'Grady, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859.

[5] Adams v. United States ex rel. McCann, 317 U.S. 269, 274, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435; Ferguson v. Peake, 57 App.D.C. 124, 18 F.2d 166, and cases cited.

[6] United States v. Mitchell, 322 U.S. 65, 70, 71, 64 S.Ct. 896, 898.

[7] See Hodge v. Huff, 78 U.S.App. 329, 330, 140 F.2d 686, 687, and cases cited.