## UNITED STATES ex rel. POTTS v. RABB U. S. Marshal.

### No. 8543.

Circuit Court of Appeals, Third Circuit.

Heard Oct. 20, 1944, on Petition for Supplemental Mandate.

Decided Jan. 17, 1945.

Writ of Certiorari Denied April 9, 1945.

See 65 S.Ct. 1013.

Walter Biddle Saul, of Philadelphia, Pa., for appellant.

M. H. Goldschein, Sp. Asst. to Atty. Gen., for appellee.

Before GOODRICH and McLAUGHLIN, Circuit Judges, and BARD, District Judge.

BARD, District Judge.

This matter is before us upon a petition to issue a "supplemental" or a new mandate to the District Court of the United States for the Middle District of Pennsylvania directing it to "follow the decision" of this court rendered in an appeal from a previous decision of that court and reported in 141 F.2d 45.  The petition requests that such new mandate direct the district court to compel the United States attorney to disclose to petitioner the names of the witnesses who testified before a

[49] See Plaintiff's exhibit No. 71, the itemized bill of Ernst & Ernst.

147 F.2d—15

226

grand jury which returned an indictment against petitioner charging him and others with a conspiracy to defraud the United States.

The facts, so far as they are relevant, are that petitioner was arrested on a bench warrant issued by the district court under the indictment against him. He thereupon filed a petition for a writ of habeas corpus, contending that the bench warrant was issued against him without cause and in derogation of his rights under the Fourth Amendment to the Constitution of the United States. On the same day he was freed on bail. A few days later he filed a motion to quash the indictment on the same ground asserted in his petition for writ of habeas corpus.

From the denial of his petition for a writ of habeas corpus petitioner appealed to this court, which dismissed his appeal as moot in view of the fact that the petitioner was not being restrained of his liberty. In our opinion, referred to above, we called attention to the fact that in any event a writ of habeas corpus would not lie to question the sufficiency of an indictment which on its face is within the jurisdiction of the court to which it was returned, and added at page 47 of 141 F.2d: "As we have stated the appellant has raised substantially the same objections to the sufficiency of the indictment in his motion to quash as he has in his petition for habeas corpus. His rights under the Fourth Amendment can be protected fully under the motion to quash. If there was no legally competent evidence before the grand jury which returned the indictment, that fact may be ascertained on the hearing of the motion."

Petitioner subsequently filed with the district court a rule on the United States attorney to show cause why he should not disclose to petitioner or his attorney the names of the witnesses who testified before the grand jury. The court, in a written opinion, dismissed this petition. At the hearing of the motion to quash the indictment, the court upheld the right of the United States attorney to refuse to disclose the names of the witnesses who testified before the grand jury and dismissed petitioner's motion to quash the indictment.

■ Petitioner seeks in effect to challenge these rulings as violative of the Fourth Amendment and as in conflict with the language quoted above from our previous opinion in this appeal. Even if petitioner's contention were sound,[1] it would afford no basis for modifying the mandate in accordance with the prayer of the petition. The mandate was issued, upon the dismissal, as moot, of an appeal for the denial of a writ of habeas corpus. In arriving at that decision, the question whether the petitioner was entitled to the names of the witnesses who testified before the grand jury was not involved, and nothing in our opinion was intended to express our views thereon. Accordingly, it is clear that the mandate was properly confined to the decision rendered in the appeal and may not be modified as requested by the petitioner.

■ Petitioner further contends that he is entitled to the relief sought, under Section 262 of the Judicial Code, 28 U.S.C.A. § 377, which authorizes circuit courts of appeals to "issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law." The Supreme Court has recently held, however, that the issuance of writs under this section is restricted to cases in which they are issued in aid of the exclusively appellate jurisdiction of the circuit courts of appeals and not as a means of reviewing prematurely rulings made by the district courts within their jurisdiction and reviewable only upon appeal from final judgment, even though this requires the defendant to undergo the cost and inconvenience of a trial under the challenged indictment. Roche v. Evaporated Milk Association, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185.

The petition is dismissed.

---

[1] The petitioner has presented no decision contrary to the principles and authorities set forth by Judge Watson, of the District Court, in his opinion. United States v. Potts, 57 F.Supp. 204.