### CALDWELL v. UNITED STATES.
### No. 13471.

Circuit Court of Appeals, Eighth Circuit.

March 28, 1947.

Appellant pro se.

Cloid I. Level, Asst. U. S. Atty., of Des Moines, Iowa (Maurice F. Donegan, U. S. Atty., of Davenport, Iowa, and Wm. R. Sheridan, Asst. U. S. Atty., of Keokuk, Iowa, on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

PER CURIAM.

This appeal challenges the legality of an order denying the appellant's motion for a correction or vacation of sentence. On April 5, 1944, the appellant entered a plea of guilty to an indictment containing two counts. Each count charged that he, with fraudulent intent, had caused the transportation in interstate commerce of a forged check, knowing it to have been forged. The District Court sentenced the appellant to imprisonment for a term of five years upon each count, the sentences to run concurrently.

On November 27, 1946, the appellant filed a motion for the correction or vacation of his sentence. He asserted (1) that the indictment failed to state a public offense, and (2) that "due to the fact that the indictment was not read in open court, there was no opportunity to know the terms thereof and while under a misapprehension of his right in the circumstances the defendant [appellant] entered his plea of guilty to what he thought that was allegation of pos-

session of the check described under count No. 1, in Exhibit No. 1." The District Court denied the motion.

The indictment was based upon § 3 of the National Stolen Property Act, as amended, 53 Stat. 1178, 18 U.S.C.A. § 415.[1] The appellant, in his brief, states: "The indictment states no public offense. The case assumes as a basis the existence of that which does not exist, it disregards the conclusive effect that the checks involved were printed in the State of Iowa—unendorsed, and had not been presented for payment, thus any question of transporting or causing to be transported in interstate commerce does not arise here. Nor are the checks in the amount of '$5,000.00 or more.' "

■ The forged checks referred to in the indictment were for $29.40 and $29.60 respectively. The indictment clearly charged the sort of interstate transportation of forged checks which is made a federal offense by § 415. That the checks were for less than $5,000 is of no consequence. In United States v. Sheridan, 329 U.S. 379, 390, 67 S.Ct. 332, 338, the Supreme Court said: "Nor can we treat forged checks differently from other securities, either because they are forged or because the forgery is done by 'little fellows' who perhaps were not the primary aim of the congressional fire. The statute expressly includes checks. It makes no distinction between large and small operators. There is no room for implying such a distinction in view of the absence of the $5,000 limitation with respect to the transportation of forged checks. Whether or not Congress had in mind primarily such small scale transactions as Sheridan's, his operation was covered literally and we think purposively. Had this not been intended, appropriate exception could easily have been made."

■ The unsupported assertion by the appellant (inferentially contradicted by the records of the District Court attached to and made a part of his motion) that the indictment was not read in open court and that there was no opportunity to know its terms, furnished no legal basis for an order vacating the sentence. The court records show that the appellant was arraigned and entered a plea of guilty. An arraignment consists of calling a defendant to the bar, reading the indictment to him or informing him of the charge against him, demanding of him whether he is guilty or not guilty, and entering his plea. Crain v. United States, 162 U.S. 625, 637, 638, 16 S.Ct. 952, 40 L.Ed. 1097; Black's Law Dictionary, Third Edition, page 140.

The order denying the appellant's motion was correct, and it is affirmed.

---

[1] Section 415, so far as pertinent, reads as follows: "Whoever shall transport or cause to be transported in interstate or foreign commerce any goods, wares, or merchandise, securities, or money, of the value of $5,000 or more theretofore stolen, feloniously converted, or taken feloniously by fraud or with intent to steal or purloin, knowing the same to have been so stolen, feloniously converted, or taken, or whoever with unlawful or fraudulent intent shall transport or cause to be transported in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities, knowing the same to have been falsely made, forged, altered, or counterfeited, * * * shall be punished by a fine of not more than $10,000 or by imprisonment for not more than ten years, or both * * *."