## KRANZ v. HIATT, Warden.

### No. 219 Habeas Corpus.

District Court, M. D. Pennsylvania.

Aug. 17, 1948.

Petitioner pro se.

Arthur A. Maguire, U. S. Atty., of Scranton, Pa., and Charles W. Kalp, Asst. U. S. Atty., of Lewisburg, Pa., for respondent.

FOLLMER, District Judge.

Petitioner, after indictment, was duly tried and convicted. He now alleges in a second application for a Writ of Habeas Corpus filed in this district that an involuntary confession was introduced in evidence before the Grand Jury, and that the indictment so obtained failed to show venue in the District of New Jersey.

The confession, hereinafter referred to, was voluntary and the indictment [1] for conspiracy clearly alleges venue within the District of New Jersey with overt acts committed therein. The mere fact that petitioner's participation in the conspiracy was outside of that district, even if true, does not affect the court's jurisdiction of the petitioner or the offense.[2] Neither is the question of venue a matter for habeas corpus, but a question of fact for the determination of the trial court.[3]

The allegation that the indictment was predicated upon an involuntary confession was raised in a previous habeas corpus proceeding by this petitioner and it was there pointed out that this question could not be so raised.[4] The confession

[23] Ex parte Steele, D.C.M.D.Pa., 79 F.Supp. 428, and cases cited.

[1] Contained in Respondent's Exhibit No. 2.

[2] Housel & Walser, Defending and Prosecuting Federal Criminal Cases, Second Edition, Section 8F.

[3] Vigoretti v. Hill, D.C.M.D.Pa., 18 F.

Supp. 337, affirmed 3 Cir., 107 F.2d 1023; Housel & Walser, Defending and Prosecuting Federal Criminal Cases, Second Edition, Section 8A; Walsh v. Johnston, 9 Cir., 115 F.2d 806.

[4] Kranz v. Hiatt, D.C.M.D.Pa., 70 F. Supp. 869, affirmed 3 Cir., 163 F.2d 1018.

was not used against him at the trial nor would it be material here, had it been so used.[5] Moreover, the testimony at the hearing is convincing that the statement was entirely voluntary.[6]

The petition for Writ of Habeas Corpus is denied and the Rule to Show Cause discharged.

---

[5] Miller v. Hiatt, 3 Cir., 141 F.2d 690; Eury v. Huff, 79 U.S.App.D.C. 289, 146 F.2d 17; Ex parte Smith, D.C.M.D.Pa., 72 F.Supp. 935; Ex parte Steele D.C. M.D.Pa., 79 F.Supp. 428.

[6] He signed a waiver showing that he was staying overnight voluntarily. He had a choice of going to a hotel overnight or sleeping on a cot in a room sometimes used by agents. Had he desired to leave at any time he could have done so. His own testimony, when carefully analysed, shows no coercion. He stresses such matters as a guard stationed outside his door while he slept. Actually the agent was under instructions not to permit any wandering into the file rooms where confidential information was kept. It was not for the purpose of preventing his leaving the building if he so desired, and petitioner himself admitted he did not know such agent was there until next morning after he awakened, looked out and saw the agent in the hallway and asked him whether he had been there all night.