## HURST v. UNITED STATES.

## DOLL v. UNITED STATES.
### Nos. 3936, 3956.

United States Court of Appeals
Tenth Circuit.
Nov. 2, 1949.

Fred M. Mazzulla, Denver, Colo., for appellants.

Paul Gotcher, Asst. U. S. Atty., Mc-Alester, Okl. (Cleon A. Summers, U. S. Atty., Muskogee, Okl. on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, · Circuit Judges.

PHILLIPS, Chief Judge.

These are appeals from orders denying motions made under 28 U.S.C.A. § 2255, to vacate sentences of imprisonment.

Doll and Hurst were tried and convicted on an indictment charging a violation of 12 U.S.C.A. § 588b, [now 18 U.S.C.A. § 2113] and each was sentenced to imprisonment for a term of five years. Neither appealed from his judgment of conviction and the time for appeal had expired when the motions to vacate were filed.

During the trial, the United States sought to introduce in evidence written statements, one signed by Doll and the other by Hurst. Doll and Hurst interposed motions to suppress the statements. After a full hearing in the absence of the jury on the motions to suppress, the sentencing court concluded that there was no valid objection to the introduction of the statements in evidence and overruled the motion to suppress and later overruled objections to the admission of the statements in evidence.

Each petitioner grounded his motion primarily on the alleged erroneous admission of the written statement made by him.

The pertinent provisions of § 2255, supra, are set out in marginal note 1.

 That section does not give a prisoner the right to obtain a review, first by the court which imposed the sentence and then on appeal from a denial of a motion to vacate, of errors of fact or law that must be raised by timely appeal.[2] It does not enlarge the class of attacks which may be made upon a judgment of conviction, but provides that the attack must be made in the court where the sentence was imposed and not in some other court through resort to habeas corpus, unless it appears that the remedy by motion is inadequate.[3] It is limited to matters that may be raised by collateral attack.[4] It is only where the judgment was rendered without jurisdiction, the sentence imposed was not authorized by law, or there was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack that a motion to vacate will lie under such section.

Errors in admission of evidence must be raised by appeal and do not constitute a basis for collateral attack.[5]

The other matters set up as grounds for the motions are clearly without substance.

Affirmed.

BRATTON, Circuit Judge, concurs in the result.

---

1. "§ 2255. Federal custody; remedies on motion attacking sentence

"A prisoner in custody under sentence of a court of the United States claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time.

"* * * If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable

to collateral attack, the court shall vacate and set the judgment aside * * *."

2. Taylor v. United States, 4 Cir., 1949, 177 F.2d 194; Howell v. United States, 4 Cir., 172 F.2d 213, 215; Birtch v. United States, 4 Cir., 173 F.2d 316, 317.

3. Birtch v. United States, 4 Cir., 173 F.2d 316, 317.

4. Gould v. United States, 10 Cir., 173 F.2d 30, 31.

5. Burall v. Johnson, 9 Cir., 134 F.2d 614; Eury v. Huff, 79 U.S.App.D.C. 289, 146 F.2d 17–18; Miller v. Hiatt, 3 Cir., 141 F.2d 690, 691; Bozel v. Hudspeth, 10 Cir., 126 F.2d 585, 587; Price v. Johnston, 9 Cir., 125 F.2d 806, 809; Moore v. Aderhold, 10 Cir., 108 F.2d 729, 732; Baker v. Hudspeth, 10 Cir., 129 F.2d 779, 783; Matter of Moran, 203 U.S. 96, 105, 27 S.Ct. 25, 51 L.Ed. 105. See, also, Sunal v. Large, 332 U.S. 174, 182, 67 S.Ct. 1588, 91 L.Ed. 1982.