## UNITED STATES v. KRANZ.
### No. CR 2018c.

United States District Court
D. New Jersey.
Nov. 7, 1949.

Carl Kranz, pro se.

MEANEY, District Judge.

This is a motion under the provisions of Section 2255 of Title 28 U.S.C.A. Defendant was tried and convicted in this court in 1944 of conspiracy to violate the Espionage Act of 1917, as amended. 50 U.S.C.A. § 32 [now 18 U.S.C.A. § 794]. In substance the grounds upon which the motion is based are:

(1) The indictment was founded upon insufficient evidence and upon a coerced confession subsequently ruled inadmissible.

(2) The matters set forth in the indictment were not within the jurisdiction (venue) of the court.

(3) The allegations in the indictment are too vague and general.

(4) The evidence was fraudulently presented.

(5) Certain articles seized at defendant's house and admitted in evidence were seized without warrant.

 A proceeding under § 2255 of Title 28 U.S.C.A. is in the nature of an application for a writ of error coram nobis and is governed by the general principle applicable to habeas corpus. U. S. v. Meyers, D.C.D.C.1949, 84 F.Supp. 766; U. S. v. Lowrey, D.C.W.D.Pa.1949, 84 F.Supp. 804. Its function is to bring to the attention of the court errors of fact which, if known in time, would have prevented rendition of the judgment. Ex parte Atkinson, D.C.E.D.S.C.1949, 84 F.Supp. 300. It cannot be used as a substitute for appeal. Birtch v. U. S., 4 Cir. 1949, 173 F.2d 316.

 The allegation, enumerated (1) above, that the indictment was founded upon insufficient evidence and upon a coerced confession does not afford a basis of relief. U. S. ex rel. Potts v. Rabb, 3 Cir. 1944, 141 F.2d 45, certiorari denied 322 U.S. 727, 64 S.Ct. 943, 88 L.Ed. 1563, opinion supplemented 3 Cir., 147 F.2d 225, certiorari denied 324 U.S. 870, 65 S.Ct. 1013, 89 L.Ed. 1424. The sufficiency of an indictment cannot be collaterally attacked. U. S. ex rel. Gallivan v. Hill, 3 Cir.1934, 70 F.2d 840, certiorari denied 292 U.S. 642, 54 S.Ct. 778, 78 L.Ed. 1494.

██ The overt acts alleged in the indictment with respect to this particular defendant all occurred in the State of New York. On this basis defendant claims, in the ground enumerated (2) above, that the court lacked jurisdiction. The indictment, however, alleged that the conspiracy was formed in the district of New Jersey and that certain overt acts took place within the district. A conspiracy prosecution may be maintained in any district where the illegal agreement was entered into, or where any alleged overt act has taken place. Freeman v. U. S., 9 Cir.1947, 158 F.2d 891, certiorari denied 331 U.S. 805, 67 S.Ct. 1187, 91 L.Ed. 1827. The fact that a particular defendant participated in the conspiracy outside of the district does not affect the jurisdiction of the court with respect to such defendant. Krantz v. Hiatt, D.C.M.D.Pa.1948, 79 F.Supp. 436.

The third ground urged is that the allegations of the indictment were too vague and general. This may not be made a basis for collateral attack. In re Lewis, C.C.N.D. Fla.1902, 114 F. 963.

 The grounds enumerated (4) and (5) relate to the evidence presented at the trial. The sufficiency of evidence to support a conviction is not jurisdictional and is not open to review collaterally. Eury v. Huff, 1944, 79 U.S.App.D.C. 289, 146 F.2d 17. The erroneous admission of illegally obtained evidence in a criminal case must be urged upon appeal and cannot ordinarily form the basis of a collateral attack. Price v. Johnston, 9 Cir.1942, 125 F.2d 806, certiorari denied 316 U.S. 677, 62 S.Ct. 1106, 86 L.Ed. 1750, rehearing denied 316 U.S. 712, 62 S.Ct. 1289, 86 L.Ed. 1777. It is only when the substance of a fair trial has been denied that errors in the course of a trial will be corrected even though such errors relate to constitutional rights. Howell v. U. S., 4 Cir., 1949, 172 F.2d 213, certiorari denied 337 U.S. 906, 69 S.Ct. 1048.

Since such is the situation obtaining in the instant case, the grounds alleged are insufficient to warrant a hearing. The court concludes from an examination of the motion and the record that the court had jurisdiction to render the judgment

778

of conviction; that the sentence imposed was authorized by law; that the sentence is not open to collateral attack; and that there has not been such a denial of the constitutional rights of the prisoner as to render the judgment open to collateral attack. It is shown conclusively that the prisoner is entitled to no relief. A hearing then would serve no useful purpose.

Motion denied. Let an order be entered.