**YODOCK v. UNITED STATES.**
Civ. No. 3858.

United States District Court
Middle D. Pennsylvania.

May 2, 1951.

No counsel of record for petitioner.

Arthur A. Maguire, U. S. Atty., Scranton, Pa., for respondent.

WATSON, Chief Judge.

This is a motion filed under the provisions of Section 2255 of Title 28 U.S.C.A. to vacate judgment and sentence in criminal case No. 9620. An answer to said motion was filed by the respondent and a reply was filed by the Petitioner. Petitioner was tried and convicted in this Court in December, 1939, of having violated Title 12 U.S.C.A. § 588b, sub-sec. (a), now Title 18 U.S.C.A., Section 2113(a). Petitioner was found guilty on both counts, one charging him with entering the Plymouth National Bank with intent to commit a felony and the other with entering said Bank with intent to commit larceny. Petitioner was sentenced to serve 15 years on each count to be served concurrently and not consecutively.

The grounds upon which the motion is based are as follows:

(1) That Petitioner was never given a preliminary hearing; and did not know of accusation until date of trial, December 6, 1939.

(2) That when he asked Mr. Maguire, the District Attorney, for a postponement of trial, so that Petitioner could get in touch with his family and counsel of his own choosing, he was denied.

(3) That Petitioner is innocent of the crime of which he is convicted.

(4) That fraud and perjured evidence were used to convict Petitioner.

(5) That Petitioner did not receive the protection of the "Bill of Rights".

(6) That Petitioner was denied counsel of his own choosing; and felt that he was

not ably defended under the circumstances and declined to present a defense.

(7) That he was never informed that an indictment had been brought against him, or given a copy of indictment before trial and conviction.

(8) That he was not notified in advance, of trial date, so that he could make preparations for trial.

(9) That he was put on trial after a five-minute talk with a court-appointed attorney.

(10) That Petitioner was held illegally for nine days at the Wyoming State Police Barracks, and questioned day and night mostly by Officer Fallan, who invented a phony confession; Officer Fallan's testimony about a confession was illegally introduced at the trial and was absolute perjury and a fraud.

(11) That he was indicted as committing crime by "force and violence" which is defined by 588b(a) "as an element of robbery but not of burglary or larceny". Petitioner is charged with attempting to burglarize a bank during the night.

■ A proceeding under Section 2255 of Title 28 is in the nature of an application for a writ of error coram nobis and is governed by the general principle applicable to habeas corpus. United States v. Kranz, D.C.N.J.1949, 86 F.Supp. 776.

■ "Relief under Section 2255 may be granted only where it appears that 'the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.' Motions under this section may not be used to review the proceedings of the trial as upon appeal but merely to test their validity when judged upon the face of the record or by constitutional standards." United States v. Gallagher, 3 Cir., 1950, 183 F.2d 342, 344.

■ The first part of the allegation enumerated (1) above, that the Petitioner was not given a preliminary hearing, does not afford a basis of relief, for it is well settled that in a federal court a defendant may be indicted without a preliminary hearing and without notice to the defendant. United States v. Liebrich, D.C.M.D.Pa.1932, 55 F.2d 341. Furthermore, Petitioner was not arrested prior to the indictment as he was then serving a sentence in the Eastern State Penitentiary, Philadelphia, Pa., and under these circumstances no preliminary hearing is ever required. United States v. Gray, D.C.D.C.1949, 87 F.Supp. 436.

■ As to the second part of (1) above, that Petitioner did not know of the accusation until date of trial, this also is without merit, for the record recites that Petitioner was arraigned in open court prior to trial and Petitioner pleaded "not guilty" to the indictment. This Court is mindful of the fact that the Constitution and the law are careful to direct that information be given to the accused of the charge against him, but this Court may presume that the law was complied with in the present case and that Petitioner had the indictment read to him, for the record shows the arraignment, and an arraignment consists of calling a defendant to the Bar, reading the indictment to him or informing him of the charge against him, and demanding of him whether he is guilty or not guilty and entering his plea.[1] The record imports verity and cannot be contradicted by the unsupported assertion of the Petitioner;[2] therefore, Petitioner's allegation that he did not know of the accusation is without merit.

■ As to (2), that Petitioner requested the U. S. Attorney to postpone the trial, such a request even if made, which the Government denies, would not be ground for relief. Any such request should have been directed to the Court and not to the U. S. Attorney.

■ As to (3), (4), and (5), Petitioner merely sets forth conclusions and not facts on which relief should be predicated, and,

1. Caldwell v. United States, 8 Cir., 1947, 160 F.2d 371.

2. Johnson v. United States, 1911, 225 U.S. 405, 32 S.Ct. 748, 56 L.Ed. 1142.

therefore, cannot be grounds for relief under Section 2255.

As to (6), that Petitioner was not ably defended as counsel was not of his own choosing, the Court, in view of the fact that Petitioner was without counsel, appointed competent counsel for the Petitioner; and mere allegations of incompetence or inefficiency of counsel will not ordinarily suffice as grounds for issuance of a writ of habeas corpus or granting of a petition to set aside a judgment of conviction and sentence. United States v. Wight, 2 Cir., 1949, 176 F.2d 376, 379. This Court is of the opinion that Petitioner received the conscientious service of a competent counsel.

As to (7), that Petitioner was not informed of the indictment, it was pointed out above that the record shows that he was arraigned in open court and notified of the charges being brought against him. Even if the Petitioner did not receive a copy of the indictment, that affords no ground for relief, as there is no obligation on the part of the Government to furnish copies of indictments to defendants in other than capital cases. United States v. Van Duzee, 1890, 140 U.S. 169, 173, 11 S.Ct. 758, 35 L.Ed. 399.

As to (8), that Petitioner was not notified in advance of trial date, this also affords no ground for relief under Section 2255. Petitioner or his counsel, at the time of the trial, should have requested the Court to postpone the trial, if more time was required to prepare a defense. Such a request was not made to the Court.

As to (9), that Petitioner was put on trial after having only 5 minutes to talk to his counsel, this too does not afford a basis of relief. The time consumed in oral discussion and legal research is not the crucial test of the effectiveness of the assistance of counsel, for the amount of time and effort of preparation required to provide effective representation will vary with the nature of the charge, counsel's familiarity with the law applicable and the facts. Each case must be examined individually. United States v. Wight, supra. Here, despite the shortness of the time which Petitioner spent with counsel before the trial, there is shown no lack of knowledge by counsel of either the facts or the law upon which counsel advised and defended his client.

As to (10), that a confession was illegally introduced at the trial, it is well established that erroneous admission of illegally obtained evidence in a criminal case must be urged upon appeal and cannot ordinarily form the basis of a collateral attack. It is only when the substance of a fair trial has been denied that errors in the course of a trial will be corrected even though such errors relate to constitutional rights. United States v. Kranz, supra. Such is not the case here.

As to (11), that the indictment was insufficient, it has been held that the sufficiency of the indictment cannot be reviewed in habeas corpus proceedings, or under Section 2255. United States ex rel. Gallivan v. Hill, 3 Cir., 1934, 70 F.2d 840; United States v. Kranz, supra.

In view of the foregoing, the grounds alleged are insufficient to warrant a hearing under Section 2255. As further evidence of the fact that this Petitioner received a fair and impartial trial, I, the trial Judge, endorsed the judgment and commitment papers, which are part of the record, with the following statement: "This defendant had a fair trial and the jury rendered a verdict of guilty on both counts of the indictment. The records show that for the past 21 years this defendant has been an enemy of society and an undesirable citizen and a menace to society and cannot be trusted, spending most of that period in jails or penitentiaries for repeated and serious violations of the law".

This Court finds from an examination of the motion and the record that this Court had jurisdiction to render the judgment of conviction; that the sentence imposed was authorized by law; that the sentence is not otherwise open to collateral attack; and that there has not been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. The motion

and files and records of the case conclusively show that the prisoner is entitled to no relief and hence a hearing would serve no useful purpose. An appropriate order will be filed herewith.