## UNITED STATES v. MONTI.

Cr. 41929.

United States District Court
E. D. New York.

Aug. 1, 1951.

210

Frank J. Parker, U. S. Atty., Brooklyn, N. Y., Victor ·C. Woerheide, Special Asst. to the Atty. Gen., for United States.

Anthony J. Graziano, New York City, for defendant.

INCH, Chief Judge.

This is a motion by defendant for an order in the nature of a writ of error coram nobis pursuant to Title 28 U.S.'Code, § 2255 to vacate and set aside the judgment of conviction entered herein on January 17, 1949 on defendant's plea of guilty and his confession in open court to the crime of treason. Defendant was sentenced to a term of imprisonment of twenty-five years and a fine of $10,000.

On October 14, 1948 defendant was indicted in this district for the crime of treason in an indictment which charged him with one offense of treason consisting of 21 alleged overt acts. On January 17, 1949 the defendant, represented by eminent counsel, appeared before me for trial and withdrew his plea of not guilty. Thereupon, the defendant was advised of his rights, was duly sworn, and in accordance with the requirements of the Constitution with respect to the crime of treason, took the stand, and in response to questions propounded ·by the prosecuting attorney confessed in open court that he had voluntarily performed acts which constitute the crime of treason, including various of the overt acts alleged in the indictment. During the course of his testimony defendant stated that he had read the indictment, that he had discussed it with his attorney and that he understood it. After an eloquent plea for leniency by defendant's counsel, and prior to the imposition of sentence, the court asked the defendant: "Now, Mr. Monti, do you want to say anything yourself?", and the defendant replied: "No, sir."

At the trial defendant's counsel made a motion in arrest of judgment upon the grounds (1) that Congress was without power to punish a United States citizen who committed treason while in enemy territory, (2) that this court lacked jurisdiction since the offense was committed abroad, and (3) that the trial violated the double jeopardy provisions of the Constitution, since the defendant had previously been convicted by a Military Court Martial of the offense of being absent without leave and for the misappropriation of government property. The motion was denied and an exception granted.

On January 26, 1949 an appeal was taken from the judgment of conviction, but the appeal was subsequently withdrawn by a stipulation filed herein on June 1, 1951.

Defendant's present motion under Title 28 U.S.Code, § 2255 to set aside the judgment of conviction is based on a number of grounds which may be stated substantially as follows:

1. That his plea of guilty and confession in open court on January 17, 1949 was procured as the result of the coercion of defendant's former counsel, exerted both

directly upon the defendant and indirectly through the medium of defendant's father and mother and his spiritual advisers.

2. That he entered his plea of guilty under a misapprehension as to what it was to embrace, believing that he was not pleading guilty to the crime of treason as charged in the indictment, but was merely pleading guilty to having made ten recordings for radio broadcast purposes without treasonable intent.

3. That the prosecution failed to disclose to the court certain allegedly exculpatory evidence which it allegedly was under a duty to disclose.

4. That defendant's plea of guilty and his testimony under oath at the trial on January 17, 1949 was insufficient, and did not constitute a "Confession in open Court" as required by Article III, Section 3 of the Constitution.

5. That the trial resulted in defendant being subjected to double jeopardy in violation of his constitutional rights.

6. That the statute upon which the indictment was based had been repealed by the revision of Title 18 U.S.Code which became effective on September 1, 1948, and the indictment was therefore invalid and the judgment of conviction void.

 As was pointed out to counsel for defendant many times during the course of these hearings, this is a motion made pursuant to Title 28 U.S.Code, § 2255, and is a proceeding in the nature of the ancient writ of error coram nobis. It is not a new trial or a motion for a new trial or a motion in arrest of judgment or an appeal. Section 2255 provides that a prisoner in custody under sentence of a court established by Act of Congress may move the court which imposed sentence to vacate, set aside or correct the sentence upon the ground that

(1) "the sentence was imposed in violation of the Constitution or laws of the United States, or"

(2) "that the court was without jurisdiction to impose such sentence, or"

(3) "that the sentence was in excess of the maximum authorized by law, or"

(4) that the sentence "is otherwise subject to collateral attack".

Defendant does not challenge the fact that this court had jurisdiction of his person and of the offense or the fact that the sentence imposed was authorized by law. He does contend that the sentence imposed was "in violation of the Constitution or laws of the United States" because of the last three of the above enumerated grounds on which this motion is based, namely,

(1) that his confession in open court on January 17, 1949 was insufficient under Article III, Section 3 of the Constitution,

(2) that he could not properly be sentenced under the indictment because of double jeopardy, and

(3) that the statute on which the indictment was based had been repealed.

 However, these are clearly matters which might properly have been raised either by a motion to dismiss or by a motion in arrest of judgment and thus made the basis for an appeal. In fact the record shows that defendant's former counsel did lay a foundation for an appeal by making a timely motion in arrest of judgment based on at least one of these grounds, i. e., double jeopardy, and that the appeal has since been withdrawn by defendant's present counsel. It has been consistently held that a motion filed pursuant to this statute cannot be used as a substitute for an appeal and that it will not lie to raise questions of law which could have been raised on an appeal. Dennis v. United States, 4 Cir., 177 F.2d 195; Taylor v. United States, 4 Cir., 177 F.2d 194; Goss v. United States, 6 Cir., 179 F.2d 706; Hurst v. United States, 10 Cir., 177 F.2d 894; United States v. Krepper, D.C., 86 F.Supp. 862; United States v. Kranz, D.C., 86 F.Supp. 776. Consequently, defendant cannot now, by a motion under Section 2255, obtain a review of these three alleged errors of law which he might have raised on an appeal from the judgment of conviction.

 I turn now to the remaining three grounds of the instant motion which are comprised of allegations that the judgment of conviction was procured by coercion,

fraud or misrepresentation. Since these allegations present issues of fact outside the original record, not subject to review on appeal, they are properly raised by this motion.

It should be noted that the defendant has been afforded every opportunity to present proof of these allegations. In addition to defendant's own petition, the court accepted voluminous affidavits of defendant's present counsel, defendant's father and mother, three of his spiritual advisers, a St. Louis attorney and a friend of defendant's family. The defendant was also transported from Leavenworth, Kansas to this court at government expense and testified at great length concerning the alleged coercion of his former counsel and his alleged misapprehension as to the offense to which he was pleading. Both the testimony of the defendant and his father was vague and indefinite as to the details of the various conferences had by them with defendant's former counsel, and after observing the defendant on the witness stand, I am of the opinion that his testimony is entitled to little weight.

■ In fairness to defendant's former counsel who were charged by defendant with coercion and with malfeasance in misrepresenting to him the scope and effect of his confession in open court, I ruled that defendant had thus waived the privilege of confidential communication between attorney and client, and I further requested said counsel, as officers of the court, to submit affidavits and testify to all facts within their knowledge which were material and relevant to the issues raised by the defendant. In contrast to the petition and testimony of the defendant, the affidavits and testimony of his former counsel were thoroughly detailed and worthy of belief.

Hearings on defendant's motion were held at various times between July 18, 1951 and July 27, 1951, and the defendant was afforded considerable latitude in presenting proof of his allegations.

■ After a careful consideration of all the evidence presented I find that defendant's contentions are entirely without merit and his motion must be denied. Accordingly, I make the following findings of fact and conclusions of law:

### Findings of Fact

1. The defendant was taken into custody on January 26, 1948 and thereafter retained Lloyd Paul Stryker, Esq., an outstanding member of the Bar, with whom was associated (since 1926) Harold Shapero, Esq.

2. These capable attorneys represented defendant throughout the subsequent proceedings.

3. Messrs. Stryker and Shapero exercised due diligence to ascertain from the defendant himself, and from other sources available to them facts which would enable them to prepare a legal defense to the charge made against the defendant.

4. After examining the record of defendant's prior Court Martial, and after many consultations with the defendant, including the taking of a 102 page statement from the defendant, and after consulting with government counsel and certain prospective government witnesses, and after submitting their client to certain pyschiatric examinations, Messrs. Stryker and Shapero ascertained that their client had no legal defense to the charge of treason made against him, and that overwhelming proof was available to the government to substantiate the allegations of the indictment.

5. In view of the seriousness of the offense with which the defendant was charged and the fact that he had been an officer in the United States Army at the time of the offense, Messrs. Stryker and Shapero had ample reason to believe that if the defendant were convicted after a trial, he would probably receive a death sentence, or at least a life sentence. However, they had ascertained from a consultation with the Trial Judge and government counsel that if the defendant pleaded guilty and threw himself on the mercy of the court that the sentence would not be death or life imprisonment, but that it would be a "severe" sentence. In their opinion such a sentence would be approximately thirty years.

6. Prior to the trial Messrs. Stryker and Shapero kept the defendant and his family fully advised of the developments in the case, and at no time did they do any act or take any step affecting any substantial interest of their client without first determining whether the defendant had any objection thereto.

7. Messrs. Stryker and Shapero were extremely diligent in informing the defendant and his family of the possible courses of action which the defendant might follow at the trial and of their probable consequences, and they advised the defendant and his family that in their opinion it would be best for the defendant to plead guilty and throw himself on the mercy of the court with the expectation of receiving a "severe" sentence of approximately thirty years rather than to stand trial with the expectation of being convicted and receiving a sentence of death or life imprisonment. At the same time they expressly pointed out to the defendant and his family that the ultimate decision was to be made by the defendant and by him alone.

■ 8. Under the circumstances such advice was entirely reasonable and proper. See. Chandler v. United States, 1 Cir., 171 F.2d 921, certiorari denied 336 U.S. 918, 69 S.Ct. 640, 93 L.Ed. 1081; Best v. United States, 1 Cir., 184 F.2d 131, certiorari denied 340 U.S. 939, 71 S.Ct. 480.

9. After a thorough consultation with either Mr. Stryker or Mr. Shapero, or both, as to the facts and the law applicable to the defendant's case, similar advice was given to the defendant by his father and mother and by James J. McMullen, Esq., his family lawyer, and the Reverend James J. Fallon, S. J. and the Reverend Calvert Alexander, S. J., his spiritual advisers.

10. Acting voluntarily on the basis of this advice, and without coercion or duress, defendant decided to plead guilty to the indictment and confess in open court to the commission of the crime charged in the indictment.

11. As evidence of this determination defendant on January 12, 1949, in the presence of his parents, executed and caused to be delivered to Mr. Stryker a notice of his decision to plead guilty which was witnessed by the Reverend Joseph A. Tetzlaff, S. M. another of defendant's spiritual advisers.

12. The defendant was not at any time during the pendency of the proceedings against him subjected to coercion or duress by his counsel, by his parents, by his spiritual advisers, or by any other person.

13. On January 17, 1949 the defendant did voluntarily and without being subject to coercion or duress, enter his plea of guilty and confess in open court to the commission of the crime charged in the indictment.

14. The defendant fully understood that he was pleading guilty and confessing in open court to the crime of treason, and he was not at any time under any misapprehension as to what his plea was to embrace.

15. The prosecutor for the United States did not at any time have in his possession exculpatory evidence, as alleged in the petition, and he violated no duty in this respect.

## Conclusions of Law

I. Defendant may not by motion filed under Title 28, U.S.Code, § 2255 obtain a determination by this court of the allegations

1. That his plea of guilty and confession in open court were insufficient to constitute a basis for conviction under Article III, Section 3 of the Constitution.

2. That he could not properly be sentenced under the indictment because of double jeopardy.

3. That the statute upon which the indictment was based had been repealed by the revised Title 18 U.S.Code, effective September 1, 1948.

Such matters constitute questions of law which might have been raised by an appeal, but may not be reached by a motion under Title 28 U.S.Code, § 2255.

II. Defendant waived the privilege of confidential communication between attorney and client when he alleged in his motion and subsequently testified that he had

214

been coerced by his former counsel in entering his plea of guilty, and had been misinformed and misadvised by them so that he misapprehended the scope and effect of his plea of guilty. In view of these allegations, it was incumbent upon the court to order said counsel, as officers of the court, to disclose to the court all material and relevant facts within their knowledge bearing on the issues raised by defendant.

III. Defendant has failed to prove by a preponderance of the evidence any of the issues properly raised by this motion, and the motion must be and is denied.

Settle order.