## PRUITT v. SKEEN.
### No. 387-F.

United States District Court
N. D. West Virginia,
Fairmont Division.

Dec. 28, 1953.

W. Ralph Musgrove, Fairmont, W. Va., for petitioner.

WATKINS, District Judge.

The petitioner in this cause, Danvil F. Pruitt, after setting forth in his petition for the writ of habeas corpus factual circumstances surrounding certain felony charges returned against him by a McDowell County, West Virginia, grand jury in June of 1952, proceeds to state the subsequent proceedings under the indictment and his ultimate commitment to West Virginia Penitentiary, Moundsville, West Virginia. A jury found the petitioner guilty of breaking and entering and he was sentenced to 1–10 years as provided under the law of the State of West Virginia.

The law is clear that a petitioner must first exhaust his state remedies before applying to a federal court for relief such as is sought in the instant case. Title 28 U.S.C.A. § 2254. The petitioner has failed to pursue available state remedies and for this reason and the further reasons mentioned below the petition must be dismissed.

In his quest for the writ of habeas corpus Pruitt alleges in his petition that insufficient proof was presented by the State of West Virginia to sustain his conviction. The law is clear that insufficiency of evidence to support a conviction in a state court is not a basis for habeas corpus in federal courts. United States ex rel. Borday v. Claudy, D.C.M.D.Pa., 108 F.Supp. 778 and cases cited therein. One of the reasons for this rule of law is that the question as to the sufficiency of evidence to support a conviction is not jurisdictional and is not open to review collaterally. United States v. Kranz, D.C. D.New Jersey, 86 F.Supp. 776.

The petitioner at this time also seeks to test the sufficiency of the indictment under which he was tried and convicted although no specific allegations concerning the deficiency of the concerned indictment are set forth. It is a general rule that the sufficiency of an indictment cannot be reviewed in a habeas corpus proceeding. Yodock v. United States, D.C.M.D.Pa., 97 F.Supp. 307; Barnes v. Hunter, 10 Cir., 188 F. 2d 86. It is readily apparent that the present proceeding is an attempt to make the writ of habeas corpus serve as an appeal. This cannot be done.

242

Where the petitioner has exhausted his state remedies and the same points have been considered and decided unfavorably to the petitioner by the highest court of the state, and certiorari denied by the Supreme Court of the United States, the Federal District Court will not ordinarily re-examine upon writ of habeas corpus the questions thus adjudicated. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572.

Where a proceeding is doomed to futility from its inception, and cannot lawfully be maintained, it should be dismissed without requiring respondents to make return thereto.

Petition dismissed.