THEODRIC THOMPSON, Defendant Below, Appellant, v. THE STATE OF DELAWARE, Plaintiff Below, Appellee.

(*October* 10, 1961.)

SOUTHERLAND, Chief Justice, WOLCOTT, Justice, and MARVEL, Vice Chancellor, sitting.

*Morton E. Evans* for appellant.

*Clement C. Wood*, Chief Deputy Attorney-General, for the State.

Supreme Court of the State of Delaware, No. 27, 1958.

SOUTHERLAND, C. J.:

Theodric Thompson, the appellant, and James S. Garner, were jointly indicted for the murder of Samuel P. Chickadel on November 28, 1953. A severance having been granted, the defendants were separately tried. Each was convicted, and each appealed.

Garner's appeal was heard three years ago and his conviction affirmed. *Garner v. State*, 1 *Storey* 301, 145 *A.* 2d 68. The opinion in that case reviews the facts in detail, and it is unnecessary to restate them here, especially since no contention is made that the evidence was insufficient.

Thompson makes two points:

(1)　The first is that his confession was improperly admitted. Two reasons are advanced in support of this contention.

　It is first said that Rule 5(a) of the Rules of Criminal Procedure, *Del. C. Ann.*, was violated, because Thompson was not arraigned without unreasonable delay.

The facts are not in dispute. At and before the time of making the confession Thompson was a prisoner in the New Castle County Correctional Institution, serving a sentence for a crime unrelated to the murder. About nine o'clock on the morning of January 30, 1957, Thompson was taken from the Institution, in charge of one of its guards, to State Police Headquarters at State Road. About an hour later Captain Lawrence of the State Police began questioning him concerning the robbery and murder of Chickadel. Within less than an hour Thompson admitted his guilt. About eleven o'clock he was confined in a cell at Police headquarters, and was returned to the interrogation room at two o'clock. He repeated his confession before Captain Lawrence and Sergeant Riley;

his statement was reduced to writing. Thereafter Thompson signed it. Later he was taken to the scene of the crime in the custody of the Institution's guard, and there in the presence of the guard and of the officers he re-enacted the commission of the crime.

At 4:30 o'clock in the afternoon of January 31, 1957, he was arraigned before a Justice of the Peace and formally charged with murder.

The delay between the time of confession and the time of arraignment is said to be a violation of Rule 5(a).

We disagree. This precise question was raised in the *Garner* case and decided against the defendant. We held, citing *United States v. Carignan*, 342 *U. S.* 36, 72 *S. Ct.* 97, 96 *L. Ed.* 48, and *Yodock v. United States*, D. C., 97 *F. Supp.* 307, that Rule 5(a) was inapplicable, because it contemplates an arrest, and Garner was already lawfully in custody. Clearly, the same holding applies to Thompson.

But defendant asks us to re-examine the *Garner* decision in the light of the ruling of the Supreme Court of the United States in *Mallory v. United States*, 354 *U.S.* 449, 451, 77 *S. Ct.* 1356, 1 *L. Ed.* 2d 1479, in which the Supreme Court held a confession inadmissible because of violation of the similar Federal Rule of Criminal Procedure, rule 5(a), 18 *U. S. C. A.*

We do not understand that the Supreme Court in that decision laid down a requirement of due process; but in any event we think the ruling inapplicable here. In the *Mallory* case the defendant was detained on suspicion and questioned, *i.e.*, was restrained of his liberty. We think the case inapposite.

Next, it is said that Thompson's detention by the State Police was illegal, because the authorities of the Correctional Institution had no right to release him from the buildings of the Institution. It is probably correct to say that such

a release, without a court order, was improper, but this fact did not in itself render the confession inadmissible. There is in fact no showing whatever that the confession was not free and voluntary. *Cf. State v. Rogers*, 143 *Conn.* 167, 120 *A.* 2d 409, 412.

Other Supreme Court decisions cited by defendant are clearly not in point. *Haley v. State of Ohio*, 332 *U. S.* 596, 68 *S. Ct.* 302, 92 *L. Ed.* 224, involved the questioning of a fifteen-year old boy for five hours. In *Harris v. State of South Carolina*, 338 *U. S.* 68, 69 *S. Ct.* 1354, 93 *L. Ed.* 1815, the period of questioning was two days, and the confession was obtained after the officers had threatened to arrest the suspect's mother on a charge of having stolen property.

■■ (2) Thompson's second point is that the court refused to charge the jury on the defense of alibi. The answer to this is simple. There was no testimony before the jury supporting any such defense. Thompson did not take the stand. The witness, Madeline Massey, whose statement is said to be proof of alibi, testified that Thompson was out the evening of the murder. True, a prior contrary statement made by her in January, 1954, to a police officer, was admitted in evidence; but this does not, of course, constitute affirmative evidence of the alibi. It was admissible only in contradiction of Madeline Massey's testimony. Evidence admitted for that purpose is not substantive evidence of the facts stated. *Jones on Evidence* (5th Ed.), § 932; *Branford Trust Co. v. Prudential Ins. Co.*, 102 *Conn.* 481, 129 *A.* 379, 42 *A. L. R.* 1450; *Pindell v. Rubenstein*, 139 *Md.* 567, 115 *A.* 859. To charge on the defense of alibi would have been to charge on an issue not made by the evidence.

We find no error, and the judgment below is affirmed.