**UNITED STATES of America,
Plaintiff/Respondent,**

v.

**Hakeem Abdul RASHEED,
Defendant/Petitioner.**

**No. CR 79–206 SAW.**

United States District Court,
N.D. California.

May 7, 1984.

---

Hakeem Abdul Rasheed, in pro. per.

## ORDER

WEIGEL, District Judge.

In 1980, petitioner Hakeem Abdul Rasheed was convicted by jury trial on six counts of mail fraud in violation of Title 18 U.S.C. § 1341. The conviction was affirmed on appeal. *United States v. Rasheed,* 663 F.2d 843 (9th Cir.1981).

In September 1983, petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed with respect to those convictions. Petitioner contended that the Court violated his due process rights by failing to instruct the jury *sua sponte* regarding his "agency relationship with the Church of Hakeem" and his "good faith belief" in the truth of his representations. Further, petitioner contended that his attorney's failure to request such instructions denied him effective assistance of counsel. The Court denied that motion.

Petitioner now moves the Court to reconsider its order denying his motion to vacate, set aside, or correct his sentence. Petitioner renews his contentions regarding the Court's failure to give certain jury instructions and his attorney's failure to request those instructions.

Petitioner also raises two new contentions. First, petitioner contends that his due process rights were violated because newly discovered evidence demonstrates that a government witness testified falsely at the Grand Jury proceedings in the case. Petitioner alleges that because agents of the government pressured the witness, the witness testified that she invested in, rather than donated to, the Church of Hakeem. Second, petitioner contends that the evidence introduced at trial was insufficient to support his conviction.

Upon review of the record, the Court finds these contentions to be wholly unsupported. In addressing petitioner's request that the Court reconsider the two conten-

tions raised in petitioner's first motion, the Court gives controlling weight to its initial findings. In *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), the Court held that controlling weight may be given to denial of a prior application for relief under 28 U.S.C. § 2255 if: "(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." *Id.* at 15, 83 S.Ct. at 1077.

Petitioner's contentions that the Court violated his due process rights by failing to give certain jury instructions and that he was denied effective assistance of counsel by his attorney's failure to request those instructions are the exact same contentions as those raised in petitioner's first motion. Therefore, because the Court's prior determination was on the merits and because the ends of justice would not be served by again reaching the merits of these totally groundless allegations, the Court rejects petitioner's renewed contentions.

Petitioner's contentions regarding the newly discovered evidence and the Grand Jury proceedings is also unsupported. It is the general rule that a grand jury indictment cannot be collaterally attacked by way of a section 2255 motion unless the indictment is "so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had." *Palomino v. United States*, 318 F.2d 613, 616 (9th Cir.), *cert. denied*, 375 U.S. 932, 84 S.Ct. 335, 11 L.Ed.2d 264 (1963).

Viewing the alleged newly discovered evidence in a light most favorable to the petitioner, it is clear that the indictment was sufficient. At most, the witness' testimony as to whether she invested in or donated to the Church of Hakeem constituted a mere characterization of the witness' undisputed actions. That testimony did not affect the validity of the indictment in any way. Further, an allegation that an indictment is founded on coerced testimony does not afford a basis for relief under section 2255. *See United States v. Kranz*, 86 F.Supp. 776, 777 (D.N.J.1949). For these reasons, the Court rejects petitioner's contention regarding the newly discovered evidence.

Finally, petitioner's contention that the evidence introduced at trial was insufficient to support his conviction is without merit. Relief will not be granted on a claim of insufficiency of evidence if a "rational trier of fact, could on the record evidence as a whole interpreted in the light most favorable to the prosecution, have found proof of guilt beyond a reasonable doubt." *See Hines v. Enomoto*, 658 F.2d 667, 676 (9th Cir.1981) (petition for federal habeas corpus relief). In the present case, the evidence introduced at trial was sufficient to support the jury's finding that petitioner was guilty of six counts of mail fraud beyond a reasonable doubt. *See United States v. Rasheed*, 663 F.2d 843, 847–49 (9th Cir.1981). Thus, petitioner's contention must be rejected.

Accordingly,

IT IS HEREBY ORDERED that Petitioner's Motion for Reconsideration of Motion to Vacate, Set Aside, or Correct Sentence is denied.